DECISION
{¶ 1} Defendant-appellant, Vincent L. Odoms, appeals from a judgment of the Franklin County Court of Common Pleas overruling his pro se post-conviction motion. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On October 16, 2002, in case No. 02CR-10-6169, defendant was indicted on one count of burglary, a felony of the second degree. On December 19, 2002, in case No. 02CR-12-7391, defendant was indicted on another count of burglary, a felony of the second degree. In both cases, defendant, represented by counsel, pled guilty to the lesser-included offense of burglary, a felony of the third degree. In case No. 02CR-10-6169, the trial court sentenced defendant to three years in prison. In case No. 02CR-12-7391, the trial court sentenced defendant to two years in prison. The trial court ordered that these prison sentences be served consecutively. The trial court's sentencing entries indicate that the prosecuting attorney and defendant's attorney did not recommend a sentence.
 {¶ 3} On May 10, 2004, defendant, pro se, filed a "Motion to Set Aside or Vacate or Suspend the Further Execution of Sentence, and Postconviction Relief." In said motion, defendant argued that his guilty plea "was not entered knowingly, intelligently, and voluntarily[,]" that a plea agreement was breached, and that he received ineffective assistance of counsel. Defendant moved the trial court to "throw out" his conviction.
 {¶ 4} On May 20, 2004, plaintiff-appellee, State of Ohio ("the state") filed a memorandum contra to defendant's motion, arguing for the dismissal of the motion. In support of its position, the state attached copies of the judgment entries and guilty plea entry forms for both cases.
 {¶ 5} On May 26, 2004, the trial court entered judgment overruling defendant's motion. The court ruled that the motion was overruled, regardless of whether it be construed as a motion for judicial release, as a motion for post-conviction relief, or as a motion to set aside the guilty plea as provided in Crim. R. 32.1. In denying the motion, as construed as a motion to set aside the plea, the trial court determined that defendant had "offered no grounds sufficient to set aside the plea and [had] not presented to the Court any manifest injustice." (May 26, 2004 Judgment Entry.)
 {¶ 6} On June 1, 2004, defendant, pro se, filed a "Statement in Rebuttal and Motion for Summary Judgment."[1] In said filing, defendant stated, in part:
The petitioner does not want to withdraw his plea, and did not state such in his petition.
* * *
The petitioner in no way, shape, or manner mentioned anywhere in his petition for a Criminal Rule 32.1 proceeding, yet the respondent argues this, therefore, the respondent's arguement [sic] lacks merit to even be heard, because it is irrelevant. Even a junior law student would be able to discren [sic] this fact. The petitioner is not arguing the fact that his decision to enter a plea was the wrong choice, the petitioner is arguing the fact that he was not given a full and proper understanding in making that choice, because all the facts were not given to him. * * *
 {¶ 7} On July 15, 2004, defendant filed notices of appeal in both cases. This court sua sponte consolidated the appeals for purposes of record filing, briefing, and oral argument. In this consolidated appeal, defendant, represented by counsel, assigns the following as error:
FIRST ASSIGNMENT OF ERROR
The trial court abused its discretion when it overruled Mr. Odom's motion to withdraw his guilty plea despite the presence of manifest injustice.
SECOND ASSIGNMENT OF ERROR
The trial court abused its discretion when it overruled Mr. Odom's motion to withdraw his guilty plea without first conducting an evidentiary hearing.
 {¶ 8} Because they involve interrelated issues, we will address defendant's assignments of error together. Defendant argues in his first assignment of error that the trial court abused its discretion in overruling his motion to withdraw his guilty plea because he had allegedly demonstrated the existence of manifest injustice. In his second assignment of error, defendant argues that the trial court abused its discretion in overruling his motion to withdraw his guilty plea without first conducting an evidentiary hearing. A motion to withdraw a guilty plea is governed by Crim. R. 32.1, which provides as follows:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 9} Under Crim. R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore, "a defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases.Smith, at 264. A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court and should be reversed on appeal only if the trial court's decision is unreasonable, arbitrary or unconscionable. State v. Blatnik (1984), 17 Ohio App.3d 201.
 {¶ 10} In this case, defendant argued in his May 10, 2004 pro se motion that his plea was not knowingly, intelligently, and voluntarily entered. "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 11} Defendant, in his June 1, 2004 filing, unequivocally stated that he did not want to withdraw his guilty plea and that he was not arguing that the decision to enter a plea was the wrong choice. Additionally, in that filing, defendant "clarified" that he had not filed a motion to withdraw his guilty plea pursuant to Crim. R. 32.1. Curiously, in this appeal, defendant argues that the trial court erred in denying his motion to withdraw his guilty plea.
 {¶ 12} Upon our review of the record, we conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw a guilty plea, as alleged in his assignments of error, because, according to defendant's own June 1, 2004 filing, he did not file a motion to withdraw a guilty plea, and he did not want to withdraw his guilty plea.
 {¶ 13} Based on the foregoing, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Christley, JJ., concur.
Christley, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although it was filed after the trial court overruled defendant's motion, the June 1, 2004 document is part of the record in this appeal.