OPINION
{¶ 1} Defendant-appellant, Musa A. Ikharo, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea pursuant to R.C. 2943.031. Because the trial court properly overruled defendant's motion, we affirm.
 {¶ 2} By indictment filed July 1, 1994, defendant was charged with four counts of rape in violation of R.C. 2907.02, one count of felonious sexual penetration in violation of R.C. 2907.12, and two counts of gross sexual imposition in violation of R.C.2907.05, all arising from incidents allegedly occurring with a six-year-old victim on or about January 1, 1992 through March 31, 1992. On December 14, 1994, defendant entered a plea of guilty to (1) the stipulated lesser included offense of felonious sexual penetration, disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), and (2) one count of gross sexual imposition. The trial court accepted the guilty pleas and sentenced defendant accordingly.
 {¶ 3} Pursuant to a motion for delayed appeal granted by this court, defendant appealed the convictions, contending the trial court erred, as pertinent to this appeal, in entering judgment of conviction based on a guilty plea that was not knowing, intelligent and voluntary. Finding defendant's contentions unpersuasive, this court affirmed the judgment of the trial court.
 {¶ 4} On June 3, 2004, pursuant to R.C. 2943.031, defendant filed a motion to withdraw his guilty plea, contending the trial court failed to substantially comply with the required advisement set forth in R.C. 2943.031. Defendant acknowledges the trial court warned him at the time of his plea hearing that the guilty plea could have an "adverse affect" on his immigration status. Defendant nonetheless contends the warning is insufficient to meet the statutory requirement that defendant be advised of three possible consequences of his guilty plea: deportation, exclusion, or denial of naturalization.
 {¶ 5} On January 19, 2005, the trial court issued a decision and entry denying defendant's motion to withdraw his guilty plea. Defendant appeals, assigning the following errors:
I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.
II. DEFENDANT'S COUNSEL WAS INEFFECTIVE FOR FAILURE TO RAISE AFIFTH AMENDMENT DOUBLE JEOPARDY ISSUE AND VIOLATED THE APPELLANT'S SIXTH AMENDMENT RIGHT TO COUNSEL.
III. APPELLANT DID NOT RECEIVE DUE PROCESS UNDER THE FIFTH ANDFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 6} Defendant's first assignment of error asserts the trial court erred in denying his motion to withdraw his guilty plea pursuant to R.C. 2943.031. "By the unambiguous terms of R.C.2943.031, a trial court accepting a guilty or no-contest plea from a defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered `may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 20. Further, "[i]f some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." Id., at paragraph two of the syllabus.
 {¶ 7} Defendant appealed from the trial court's original judgment finding him guilty of the charges pursuant to his guilty plea, and sentencing him. In that appeal, defendant's first assignment of error asserted "the record indicates that he did not understand that he was giving up his right to a trial by jury and that he did not understand the effect that the guilty plea might have on his status as a resident of the United States of America." State v. Ikharo (Sept. 10, 1996), Franklin App. No. 95APA11-1511.
 {¶ 8} After addressing the relevant aspects of Crim.R. 11 and rejecting defendant's contentions in that regard, this court addressed defendant's contention "that the trial court did not properly instruct him pursuant to R.C. 2943.031." Ikharo,
supra. Noting the relevant portions of the transcript, this court stated the "[t]he trial judge did inform appellant that, by pleading guilty, his citizenship status may be adversely affected. Counsel explained to the trial court that he had discussed this matter at length with appellant and that appellant understood that his plea of guilty could affect his citizenship status. * * * Viewing the trial court's discussions with appellant as a whole, this court finds that the trial court complied with Crim.R. 11 and that there was substantial compliance with R.C. 2943.031." Id.
 {¶ 9} In addressing defendant's motion to withdraw his guilty plea, the trial court properly pointed out that in defendant's direct appeal, this court dealt with the precise issue defendant raised in his motion. Pursuant to the "law of the case" doctrine, this court's conclusion in defendant's direct appeal remains the law of the case on that issue for all subsequent proceedings in the case and thus controls our decision in the present appeal.Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3; State ex rel. Whitev. Suster, 101 Ohio St.3d 212, 2004-Ohio-719, at ¶ 8 (noting that res judicata applies to R.C. 2943.031 claims). Because this court has already determined the trial court substantially complied with R.C. 2943.031, defendant's first assignment of error is overruled.
 {¶ 10} Defendant's second assignment of error contends his counsel was ineffective in failing to raise a Fifth Amendment double jeopardy issue at the time he entered his guilty plea.
 {¶ 11} To demonstrate ineffective assistance of counsel, the defendant must meet a two-part test. Strickland v. Washington
(1984), 466 U.S. 668, 687. Initially, the defendant must show that counsel's performance was deficient. Id. To meet that requirement, the defendant must demonstrate that counsel's errors were so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Id. The defendant then must show that counsel's deficient performance prejudiced the defense. Id. To meet that requirement, the defendant must show that counsel's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In effect, defendant must demonstrate there is a "reasonable probability" that, but for counsel's error, the result of the trial would have been different. Id. at 694. Unless the defendant makes both showings, it cannot be said the conviction resulted from a breakdown in the adversary process that rendered the result unreliable.
 {¶ 12} We preliminarily note that defendant did not raise an ineffective assistance of counsel claim in support of his motion to withdraw in the trial court; instead, he premised his motion on R.C. 2943.031. "It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed." (Citations omitted.) State v. Schneider (Dec. 13, 1995), Greene App. No. 95-CA-18; State v. Awan (1986),22 Ohio St.3d 120; Hayes v. Toledo (1989), 62 Ohio App.3d 651, 656. Having failed to raise ineffective assistance of counsel in his motion in the trial court, defendant is barred from raising it in the first instance on appeal. More significantly, because defendant did not raise the issue in the trial court, he did not create a record of evidence necessary to support his contention that double jeopardy applies.
 {¶ 13} Defendant's double jeopardy challenge appears to be based on what he characterizes as punitive action taken against him in the military for the same acts that gave rise to his convictions on appeal. The record does not support defendant's contention. Without the documents generated from the military tribunal that specify the offenses for which defendant was punished, we are unable to determine whether defendant has been prosecuted for the same offense under Blockburger v.United States (1932), 284 U.S. 299. See State v. Zima,102 Ohio St.3d 61, 2004-Ohio-1807, at ¶ 18-20.
 {¶ 14} Defendant's second assignment of error is overruled.
 {¶ 15} Relying on his argument under R.C. 2943.031(A), defendant's third assignment of error asserts that he was deprived of due process. Because this court determined in defendant's direct appeal that those contentions are unpersuasive, they likewise are unavailing as set forth in defendant's third assignment of error.
 {¶ 16} Defendant also asserts in his third assignment of error that his attorney was ineffective in failing to provide the trial judge with a copy of defendant's motion to withdraw his guilty plea. Defendant suggests that, had counsel done so, the trial judge would have granted defendant's motion becauseFrancis, supra, had not yet been determined.
 {¶ 17} Defendant's contentions presume the trial court would have ruled contrary to both this court's 1996 determination in defendant's direct appeal and the Supreme Court's ultimate holding in Francis. We cannot find ineffective assistance of counsel on such a tenuous thread. See Strickland, at 694 (noting "[a] defendant has no entitlement to the luck of a lawless decision maker"). The trial court's determination not only is in accord with this court's prior holding, but, asFrancis makes clear, it is legally correct. Under those circumstances, the record fails to support defendant's claim of ineffective assistance of counsel. Defendant's third assignment of error is overruled.
 {¶ 18} Having overruled each of defendant's three assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
Petree and Travis, JJ., concur.