The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown,* 167 Ohio App.3d 239, 2006-Ohio-3266.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–929.

Decided June 27, 2006.

240

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, for appellee.

Steven S. Brown, pro se.

FRENCH, Judge.

{¶ 1} Defendant-appellant, Steven S. Brown, appeals from the judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty pleas to one count of involuntary manslaughter and one count of aggravated robbery. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} On March 22, 2000, appellant was indicted on two counts of aggravated murder and one count of aggravated robbery. Each of the aggravated-murder counts carried a death specification. Appellant was ultimately convicted as charged in the indictment. On appeal, this court reversed appellant's conviction. *State v. Brown,* Franklin App. No. 01AP–587, 2002-Ohio-2802, 2002 WL 1163760 (*"Brown I "*).

{¶ 3} On March 28, 2005, appellant, appearing pro se with the assistance of advisory counsel, pleaded guilty to one count of the stipulated lesser-included offense of involuntary manslaughter without specification and one count of aggravated robbery. Upon application by plaintiff-appellee, the state of Ohio, and for good cause shown, the trial court ordered a nolle prosequi to the second aggravated-murder count. Pursuant to a joint sentencing recommendation, the trial court imposed a prison sentence of ten years on each count, to be served consecutively. On appeal, this court affirmed the trial court's judgment. *State v. Brown,* Franklin App. No. 05AP–375, 2006-Ohio-385, 2006 WL 225524 (*"Brown II "*).

{¶ 4} On August 3, 2005, appellant filed in the trial court a pro se motion to withdraw his guilty plea. The trial court denied appellant's motion without an evidentiary hearing. Appellant appealed that denial to this court and presents the following assignment of error:

Did the trial Court Abuse [its] d[i]scretion when it Denied Appellant[']s Motion to Withdraw his plea in violation of his Constitutional Right to Due Process of Law, the 14th Amendment of the Constitution, the 5th, 1st, and 8th Amendment, Article I, Section 16 of the Ohio Constitution.

{¶ 5} Crim.R. 32.1 provides that a trial court may grant a defendant's postsentence motion to withdraw a guilty plea only to correct a manifest injustice.

Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. Although no precise definition of "manifest injustice" exists, in general, " 'manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Wooden*, Franklin App. No. 03AP–368, 2004-Ohio-588, 2004 WL 239996, at ¶ 10, quoting *State v. Hall*, Franklin App. No. 03AP–433, 2003-Ohio-6939, 2003 WL 22976587; see, also, *State v. Odoms*, Franklin App. No. 04AP–708, 2005-Ohio-4926, 2005 WL 2277519, quoting *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 208, 699 N.E.2d 83 ("[a] manifest injustice has been defined as a 'clear or openly unjust act' "). Under this standard, a postsentence withdrawal motion is allowable only in extraordinary cases. *Smith*, 49 Ohio St.2d at 264, 3 O.O.3d 402, 361 N.E.2d 1324.

■■ {¶ 6} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard, and we reverse that denial only if it is unreasonable, arbitrary, or unconscionable. *Odoms*, 2005-Ohio-4926.

■■ {¶ 7} Here, within his single assignment of error, appellant asserts ten grounds for finding error with the trial court's denial. In appellee's view, the doctrine of res judicata bars all of them. Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233, reaffirming *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. More specifically, a criminal defendant cannot raise any issue in a postsentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. *State v. Reed*, Mahoning App. No. 04 MA 236, 2005-Ohio-2925, 2005 WL 1385711; *State v. Zinn*, Jackson App. No. 04CA1, 2005-Ohio-525, 2005 WL 318690; *State v. Robinson*, Cuyahoga App. No. 85266, 2005-Ohio-4154, 2005 WL 1926043; *State v. Rexroad*, Summit App. No. 22214, 2004-Ohio-6271, 2004 WL 2674605; *State v. Reynolds*, Putnam App. No. 12–01–11, 2002-Ohio-2823, 2002 WL 1299990; *State v. Wyrick* (Aug. 31, 2001), Fairfield App. No. 01CA17, 2001 WL 1025811; *State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98–T–0182, 2000 WL 522440; *State*

*v. Jeffries* (July 30, 1999), Wood App. No. L–98–1316, 1999 WL 550251. As other courts in Ohio have found:

"Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. *Doe v. Trumbull Cty. Children's Services Bd.* (1986), 28 Ohio St.3d 128 [28 OBR 225], 502 N.E.2d 605. We believe that the same bar reasonably applies to Crim.R. 32.1." *State v. Hartzell* (Aug. 20, 1999), 2nd Dist. No. 17499, 1999 WL 957746, 2.

"This, in effect, prevents a criminal defendant from having a second bite at the apple. If a defendant believes that the trial court has committed an error, then he should raise that error at the first possible opportunity, not in a collateral attack. The doctrine of res judicata applies to issues raised in a motion to withdraw a guilty plea in the same way that the doctrine applies to issues raised in a petition for post-conviction relief." *State v. White* (May 26, 2004), 7th Dist. No. 03 MA 168 at 3. * * *

*Reed,* 2005-Ohio-2925, at ¶ 12–13.

{¶ 8} With these principles as our guide, we turn now to appellant's motion to withdraw his guilty plea and the trial court's denial of that motion.

{¶ 9} Appellant's primary complaint is that his guilty pleas were obtained under duress. In his motion to withdraw his guilty plea, appellant claimed that "he was illegally placed under duress by this court, the prosecution, and the Franklin County Sheriffs Department." He further stated: "The circumstances of this duress were shown to this court thru out [sic] the pre-trial proce[e]dings by way of motions, videotape and with affidavits."

{¶ 10} Appellant makes similar arguments here when he asserts that the duress arose from his mistreatment and "torture" at the jail while being held for trial. In support of his claims, appellant directs us to 49 documents within the trial court record of this case, primarily including motions and letters submitted to the trial court. These documents confirm that appellant took every opportunity to raise these very same issues with the trial court and that the court addressed them. See, e.g., the November 17, 2004 "[d]ecision and entry denying defendant's motion to order jail to provide access to telephone, defendan[t's] motion for seven tapes and due process objections, and motion to transcribe tapes of defendant[.]" ("The Court finds that defendant's conduct and continued filing of the same motions are intended to frustrate the trial. Defendant shall remain in custody in Franklin County until this case is concluded.") Therefore, appellant could have presented these issues in his appeal from final judgment.

{¶ 11} Appellant's remaining claims are similarly flawed. They include claims of denied access to the courts, lawyers, and witnesses; prosecutorial misconduct; incompetence (based on drug use and mistreatment); plea made unknowingly (based on drug use and mistreatment); judicial misconduct; denied counsel; failure to follow Crim.R. 11; error in accepting the pleas; substantive violations due to undue influence of the court, prosecution, and police; denied access to legal resources; and error in denying his motion to dismiss. While some of these issues appear, at first glance, to be new, closer examination reveals that appellant brought each of the underlying issues to the attention of the trial court multiple times. Thus, he raised these same issues to the trial court, the court addressed them multiple times, he could have raised them on appeal, and res judicata prevents him from raising them now.

{¶ 12} Moreover, while Ohio courts recognize an exception to the doctrine of res judicata in postconviction proceedings when the petitioner presents new and competent evidence outside the record, there is no such evidence here. See, e.g., *Robinson*, 2005-Ohio-4154. Appellant submitted no evidence from outside the record in support of his motion. In fact, he submitted no supporting documentation or evidence of any kind in support of his motion. Thus, any exception to the application of res judicata based on evidence outside the record is inapplicable here.

{¶ 13} Finally, we find that even if the doctrine of res judicata did not bar all of appellant's claims, his own self-serving declarations of coercion would not be enough to show manifest injustice. As we noted at the outset, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by" the trial court. *Smith*, 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, at paragraph two of the syllabus. The voluminous record in this case clearly shows the trial court's knowledge of appellant's repeated attempts to make similar claims, as well as the trial court's careful consideration of those claims. We note, for example, entries reflecting multiple appointments of counsel and/or legal advisors for appellant, awards of funds for supplies, expert witnesses, and investigators, the allowance of extraordinary legal fees, a psychological evaluation to determine appellant's competence, and repeated continuances at appellant's request. In all, this record reflects a trial court of extraordinary patience and undoubted familiarity with the good faith, credibility, and weight of appellant's claims. We find no abuse of discretion here.

{¶ 14} For these reasons, we overrule appellant's assignment of error, and we affirm the decision of the Franklin County Court of Common Pleas.

Judgment affirmed.

McGrath, J., concurs.

Bryant, J., concurs separately.

Bryant, Judge, concurring separately.

{¶ 15} Although I agree with the majority's conclusion that the judgment of the trial court be affirmed, I disagree with the majority's determination that res judicata bars consideration of defendant's Crim.R. 32.1 motion to withdraw his guilty plea. Accordingly, I concur separately.

{¶ 16} A criminal defendant essentially has three options to obtain review of a guilty plea: a direct appeal, a petition for postconviction relief under R.C. 2953.21, and a motion to withdraw a guilty plea pursuant to Crim.R. 32.1. The majority concludes that if a defendant does not directly appeal a guilty plea, then res judicata bars consideration of any issue that could have been raised in that appeal. In effect, the majority treats a motion under Crim.R. 32.1 and a petition for postconviction relief in the same manner, as established case law provides that res judicata bars a defendant from pursuing in a petition for postconviction relief any issue that could have been addressed on direct appeal. See, e.g., *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 671 N.E.2d 233.

{¶ 17} The Ohio Supreme Court, however, recently clarified that a motion to withdraw a guilty plea is not a form of petition for postconviction relief, but a separate avenue of relief. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522. As the court explained, "R.C. 2953.21(J), part of the postconviction relief statutory scheme, provides that 'the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *.' Given that a postsentence Crim.R. 32.1 motion is not collateral but is filed in the underlying criminal case and that it targets the withdrawal of a *plea*, it is not a 'collateral challenge to the validity of a *conviction or sentence*.' See *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905 ('a postconviction proceeding is * * * a collateral civil attack on the judgment'); Black's Law Dictionary (7th Ed.Rev.1999) 255 (defining 'collateral attack' as '[a]n attack on a judgment entered in a different proceeding')." (Emphasis sic.) Id. at ¶ 13. Thus, the court concluded that "[p]ostsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently." Id. at ¶ 14.

{¶ 18} Although its decision pre-dated *Bush*, the Second District Court of Appeals applied the same rationale in *State v. Wolford* (Sept. 17, 1999), Miami App. No. 99CA10. In *Wolford*, the court acknowledged that the doctrine of res judicata may bar a postconviction relief petition because the petition collaterally challenges, in a separate action, a conviction from a prior criminal action. Distinguishing a Crim.R. 32.1 motion from a petition for postconviction relief,

*Wolford* concluded that "[t]he same does not apply to a motion to withdraw a plea that is filed in the identical criminal proceeding which resulted in the conviction, as Crim.R. 32.1 motions are. Therefore, the *res judicata* bar does not apply."

{¶ 19} Indeed, the Supreme Court in *Bush* was faced with a motion to withdraw a guilty plea filed outside the 30–day appeal period under App.R. 4(A). It nonetheless did not inquire whether a prior appeal or failure to appeal had a res judicata effect on issues raised in the Crim.R. 32.1 motion. Rather, it determined that the passage of time was a factor to be considered in determining the merits of the motion. The Supreme Court never has applied the doctrine of res judicata to a Crim.R. 32.1 motion.

{¶ 20} I nonetheless recognize that, for example, a defendant may attempt to raise in a motion to withdraw a guilty plea an issue raised and determined on direct appeal. In that instance, the appellate ruling bars consideration of the issue a second time, albeit technically due to the law of the case as opposed to res judicata. See, e.g., *State v. Ikharo*, Franklin App. No. 05AP–167, 2005-Ohio-6616, 2005 WL 3416177. To the extent that defendant raises issues in his Crim.R. 32.1 motion that were resolved in his appeal, the prior determination bars re-examination of those issues. The majority opinion, however, does not note any particular issue determined on appeal that reappears in defendant's Crim.R. 32.1 motion to withdraw his guilty plea.

{¶ 21} In the final analysis, a criminal defendant's failure to file a direct appeal does not preclude, through res judicata, the option of pursuing a Crim.R. 32.1 motion. Instead, it subjects the defendant to the difficult task of demonstrating the manifest injustice and extraordinary circumstances necessary to prevail in such a motion. Generally, as *Wolford* explained, " 'a court's failure to comply with the requirements of Crim.R. 11(C) is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim.R. 32.1 relief.' " Id., quoting *State v. Hartzell* (Aug. 20, 1999), Montgomery App. No. 17499, 1999 WL 957746. Thus, as a result of a defendant's failure to directly appeal, pursuant to App.R. 4(A) or 5(A), the guilty-plea proceedings likely will result in a failure to prevail in the Crim.R. 32.1 motion, not because of res judicata, but because of the defendant's inability to demonstrate manifest injustice.

{¶ 22} Although I disagree with the majority's disposition of the state's res judicata argument, I nonetheless concur, for the reasons set forth in ¶ 13 of the majority opinion, in the majority's determination to affirm the judgment of the trial court. Accordingly, I concur separately.