DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Robert J. McKenzie, appeals the decision of the Pike County Court of Common Pleas denying his "Motion to Reduce Sentence." Appellant asserts as error that: 1) it was plain error for the trial court to sentence him to more than the minimum sentence for his offense, and; 2) trial counsel was ineffective in not objecting to such non-minimum sentence. Because Appellant's assignments of error are barred by the doctrine of res judicata, we overrule both assignments of error and affirm the decision of the trial court. *Page 2 
 I. Facts {¶ 2} In August of 2000, a jury found Appellant guilty of attempted murder. On November 15 of that year, the trial court sentenced him to nine total years of imprisonment, six for the attempted murder conviction and three additional years on a firearm specification. The minimum sentence for his offense, a first degree felony, was three years. In sentencing him to six years, the trial court stated that though Appellant had not previously served a term in prison, a minimum sentence would demean the seriousness of the offense.
 {¶ 3} Appellant did not file a timely, direct appeal. He did file a motion for a new trial, which the trial court denied, in July of 2001. He appealed that entry, but voluntarily dismissed the appeal in May of 2002. In July of 2002, Appellant filed a motion for a delayed appeal of his original conviction and sentence. We denied the motion because he did not show good cause for his failure to file a timely notice of appeal.
 {¶ 4} Approximately five years later, in August of 2007, Appellant filed a "Motion to Reduce Sentence" which the trial court denied. The current appeal was taken as a result of that decision.
 II. Assignments of Error 1. APPELLANT ASSERTS THE SENTENCING JUDGE COMMITTED AN ACT OF DERELICTION OF DUTY IN *Page 3 
VIOLATION OF R.C. § 2921.44(B), WHEN HE FAILED TO ACKNOWLEDGE THE STATUTORY MANDATORY LANGUAGE OF R.C. § 2929.14(A) (B) [SIC], THEREBY, VIOLATING APPPELLANT'S [SIC] CIVIL RIGHTS AS PROTECTED BY R.C. § 2921.45.
 2. THE FAILURE OF TRIAL COUNSEL TO OBJECT TO THE SENTENCE IMPOSED IS AN ACT OF DERELICTION OF DUTY IN VIOLATION OF R.C. § 2921.44 — IN A JUDICIAL PROCEEDING, THUS, VIOLATING APPELLANT'S CIVIL RIGHT R.C. § 2921.45.
 III. Legal Analysis {¶ 5} The underlying arguments in Appellant's two assignments of error are that: 1) pursuant to statutory authority, it was plain error for the trial court to sentence him to more than the minimum sentence for his offense because he had not previously served a prison term, and; 2) he suffered ineffective assistance in that his trial counsel failed to object to the same. However, we decline to address the merits of Appellant's arguments because both assignments of error are barred by the doctrine of res judicata.
 {¶ 6} "Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal." State v. Brown,167 Ohio App.3d 239, *Page 4 2006-Ohio-3266, 854 N.E.2d 583, at ¶ 7. See, also, State v. Szefcyk
(1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233.
 {¶ 7} Appellant was sentenced in November of 2000. He failed to directly appeal his conviction and sentence. Appellant states that his current argument, that the trial court was required to sentence him to a minimum term, is premised upon the holding in Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348. However, Apprendi was released approximately five months prior to Appellant's sentencing. Any argument predicated upon the holding in Apprendi could have and should have been raised on direct appeal, not in a "Motion to Reduce Sentence" filed with the trial court seven years after sentencing. Because Appellant failed to directly appeal, even though the arguments he raises now were available at the time of his conviction, res judicata bars him from making those same arguments in the current appeal. See State v.Hill, 4th Dist. No. 06CA63, 2007-Ohio-5360, at ¶ 5. Accordingly, Appellant's assignments of error are overruled and the decision of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1