OPINION *Page 2 
{¶ 1} Upon remand from the Supreme Court of Ohio, this court is asked to consider whether this court's ruling on defendant-appellant Lonnie Aleshire's sole assignment of error, concerning the trial court's overruling of his post-sentence motion to withdraw his negotiated guilty plea, should be modified in light of State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. See, State v. Aleshire (June 11, 2008), 2008-Ohio-2700.
 {¶ 2} We have permitted the parties to brief the issue as framed by the Ohio Supreme Court. We further permitted the parties to present oral arguments concerning their respective positions.
 {¶ 3} In State v. Aleshire, Licking App. No. 2007-CA-1, 2007-Ohio-4446["Aleshirel"], we affirmed the trial court's denial of appellant's motion to withdraw his negotiated guilty plea that appellant filed nearly one year after he began serving his prison sentence. The facts of this case were thoroughly discussed in Aleshire I however, we provide the following summation.
 {¶ 4} Appellant was indicted by the Licking County Grand Jury on one count of rape, six counts of unlawful sexual conduct with a minor, and three counts of sexual imposition. At the change of plea hearing appellant pled guilty to all counts, and the court found him guilty of the same. Upon acceptance of the plea, the court allowed the State to dismiss Case No. 05 CR 69, a second indictment filed against appellant that alleged sexual battery. The plea forms reflect that the parties jointly recommended that appellant receive six years on the rape count. Further, it was recommended that one-year terms be imposed for each count of unlawful sexual conduct and six month terms *Page 3 
for each count of sexual imposition. The one-year and six month terms would run concurrent to each other for a total of one year. This one-year sentence would be run "consecutive to Case No. 05 CR 69," which was the case that the trial court allowed to be dismissed. The court departed from the recommendation as to the rape count and imposed a seven-year prison term for that count. The Court followed the one-year and six month recommendations for the remaining counts and ran all of the sentences concurrently.
 {¶ 5} The trial court proceeded to sentencing immediately after accepting appellant's negotiated guilty plea and entering its finding of guilt. During the sentencing portion of the proceedings, the trial court informed appellant as follows:
 {¶ 6} "The Court would notify the defendant that upon your release from prison, you will be on post-release control, and that is mandatory and would be for a period of five years. And if you violate that post-release control, you could be returned to prison for up to nine months with the maximum for repeated violations equaling 50 percent of our stated prison term, and if the violation is a new felony, you may be returned to prison for the remaining post release control period or 12 months, whichever is greater, plus a prison term for the new crime.
 {¶ 7} "The Court has exceeded the minimum term in this case by reason of the fact that it is a negotiated plea." (T. at 23-24).
 {¶ 8} The Ohio Supreme Court stated in State v. Sarkozy, supra, that the total failure of the trial court to mention that the defendant was subject to mandatory post-release control (which is part of the maximum penalty) was a complete failure to comply with Crim. R. 11 and required that the plea be vacated without consideration of the issue *Page 4 
of prejudice. See, also State v. Clark, 119 Ohio St.3d 239,893 N.E.2d 462, 2008-Ohio-3748 at ¶ 32.
 {¶ 9} Sarkozy, supra involved the trial court's denial of the defendant's pre-sentence motion to withdraw his guilty plea. Id. at ¶ 5. The trial court denied the motion and proceeded with sentencing the appellant. Id. The appellant then filed a direct appeal of the trial court's denial of his motion.
 {¶ 10} In State v. Clark, supra, a case decided afterSarkozy, the Ohio Supreme Court concluded that "[i]f a trial judge, in conducting a plea colloquy, imperfectly explains non-constitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies on appellate review; under this standard, a slight deviation from the text of the governing rule is permissible, and so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld." Id. at ¶ 31.
 {¶ 11} In the case at bar, the trial court specifically informed appellant that he was subject to mandatory post-release control. (T. at 23-24). The appellant acknowledged that the trial court did in fact inform him that he was subject to a mandatory term of post-release control. In the motion to withdraw his guilty plea appellant stated, "The first time the court mentions `post-release control' is during the sentencing phase in which the defendant is informed of a mandatory term of post-release control."(Motion to Withdraw Guilty Plea, filed November 1, 2006 at 6). This motion was filed nearly one year after sentencing. As we noted in Aleshire I: *Page 5 
 {¶ 12} "The State indicated to the trial court that this was a negotiated plea. (T. at 14). Appellant agreed. (Id.). After the State recited the underlying facts that led to appellant's indictment, the court inquired, "Mr. Aleshire, do you agree with the facts as presented?"(T. at 11). Appellant replied, "Your Honor, I have no exception."(Id.). The trial court further informed appellant, prior to accepting his plea, "that there is a mandatory sentence in this case."(T. at 12). Appellant acknowledged that he understood. (Id.). Appellant acknowledged that the recommended sentence was for seven years. (T. 14). Appellant acknowledged to the trial court that, other than the State's dismissal of the Sexual Battery charge, and the recommendation of a seven year sentence no other promises were made. (T. at 14). Appellant further acknowledged that he was pleading guilty because he was guilty. (T. at 15).
 {¶ 13} "At no time during either the plea or sentencing phase of the hearing, did appellant ask any questions regarding the penalties involved for the charges to which he was pleading guilty." AleshireI at ¶ 17-18.
 {¶ 14} Upon being informed by the trial court that he was subject to a five-year period of post-release controls, appellant did not indicate his disapproval or confusion to the trial court. Further, appellant admitted in his affidavit submitted in support of his motion to withdraw his guilty plea that the plea form he had signed contained an acknowledgement that he may have up to five years of post-release control. Aleshire I at ¶ 15. Finally, appellant did not file a direct appeal, which he could have, upon being informed at the sentencing phase of the plea hearing that he was subject to a mandatory period of post-release control. *Page 6 
 {¶ 15} Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. State v. Szefcyk (1996),77 Ohio St.3d 93, 96, 671 N.E.2d 233, reaffirming State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. "More specifically, a criminal defendant cannot raise any issue in a post sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. State v. Reed, Mahoning App. No. 04 MA 236, 2005-Ohio-2925, 2005 WL 1385711; State v.Zinn, Jackson App. No. 04CA1, 2005-Ohio-525, 2005 WL 318690; State v.Robinson, Cuyahoga App. No. 85266, 2005-Ohio-4154, 2005 WL 1926043;State v. Rexroad, Summit App. No. 22214, 2004-Ohio-6271,2004 WL 2674605; State v. Reynolds, Putnam App. No. 12-01-11, 2002-Ohio-2823,2002 WL 1299990; State v. Wyrick (Aug. 31, 2001), Fairfield App. No. 01CA17, 2001 WL 1025811; State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182, 2000 WL 522440; State v. Jeffries (July 30, 1999), Wood App. No. L-98-1316, 1999 WL 550251." State v. Brown, supra167 Ohio App.3d 242, 2006-Ohio-3266, at ¶ 7.
 {¶ 16} Importantly, "an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v.Bush, 96 Ohio St.3d 235, 2002-Ohio-3393. See also State v.Copeland-Jackson, Ashland App. No. 02COA018, 2003-Ohio-1043 ([t]he length of *Page 7 
passage of time between the entry of a plea and a defendant's filing of a Crim. R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred.
 {¶ 17} In the case at bar, appellant has given no explanation for the nearly one-year delay in filing his motion to withdraw the negotiated guilty plea. Nor has he provided any explanation for not filing a direct appeal. Moreover, appellant suffered no prejudice by the trial court's failure to engage in a colloquy related to the potential imposition of post-release control at the plea hearing because the trial court immediately informed him of this fact during the sentencing phase. If appellant clearly did not understand that he faced a mandatory period of post-release control before the plea, he certainly knew it immediately afterward and could have objected to the plea at that time if he had been surprised by the mandatory period of post-release control.
 {¶ 18} Given the record, we further find that appellant has failed to demonstrate that he was prejudiced by the trial court's failure to inform him prior to accepting his plea concerning mandatory post-release control. In other words, we do not find that appellant is able to demonstrate that, but for the trial court's error, he would not have entered the plea of guilty, and insisted on going to trial.
 {¶ 19} Appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty plea. State v. Smith (1977), 49 Ohio St. 2d 261, 361 N.E.2d 1324.
 {¶ 20} Accordingly, we hold that the trial court substantially complied with the requirements of Crim. R. 11(C)(2) and that appellant was not prejudiced by the failure to mention during the plea portion of the hearing that he was subjected to mandatory post-release control. *Page 8 
 {¶ 21} Appellant's sole assignment of error is overruled.
 {¶ 22} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant. *Page 1