[Cite as *State v. Johnson*, 2023-Ohio-3897.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

     Plaintiff-Appellee,                        :            No. 21AP-427
                                                  (C.P.C. No. 03CR-5039)

v.                                                     :

                                                    (REGULAR CALENDAR)

Brandon A. Johnson,                                    :

     Defendant-Appellant.                       :

---

D E C I S I O N

Rendered on October 26, 2023

---

**On brief:** *Dave Yost*, Attorney General, and *Brad L. Tammaro*, for appellee. **Argued:** *Brad L. Tammaro*.

**On brief:** *Yeura R. Venters*, Franklin County Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce*.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Brandon A. Johnson, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In July 2003, Johnson, a juvenile at the time, was bound over from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, to the Franklin County Court of Common Pleas, Criminal Division, because there was probable cause to believe he committed the offenses of aggravated murder, in violation of R.C. 2903.01(B), and aggravated robbery, in violation of R.C. 2911.01(A)(1), and that he used a firearm, as defined in R.C. 2923.11. Soon thereafter, Johnson was indicted on one

count of aggravated robbery, with a firearm specification, and one count of aggravated murder, with a firearm specification and a specification that he committed the aggravated murder during an aggravated robbery and that he either acted as the principal offender in the aggravated murder or acted with prior calculation and design.

{¶ 3}  In January 2004, Johnson moved to suppress an eyewitness identification and oral statements he had made to a social worker and his juvenile court probation officer. A 3-day suppression hearing followed.  The trial court granted Johnson's motion to suppress the identification and his statements.  On appeal, this court concluded the trial court did not err in suppressing Johnson's statements to the probation officer, but it erred in suppressing both Johnson's statements to the social worker and the eyewitness identification. *State v. Johnson*, 163 Ohio App.3d 132, 2005-Ohio-4243, ¶ 42, 49, 59 (10th Dist.).  On remand, Johnson pled guilty to murder, with a firearm specification, and aggravated robbery.  The trial court sentenced Johnson to 15 years to life in prison as to the murder conviction, with an additional 3 years for the firearm specification, and 3 years in prison for the aggravated robbery conviction, to be served consecutively.  Johnson did not timely appeal.  In July 2014, he moved for leave to file a delayed appeal.  Because he failed to demonstrate a reasonable explanation for his nearly 8-year delay in attempting to file an appeal, this court denied the request for leave. *State v. Johnson*, 10th Dist. No. 14AP-581 (Aug. 26, 2014) (memorandum decision).

{¶ 4}  In February 2019, Johnson filed a motion for judicial release pursuant to R.C. 2929.20.  The trial court denied this motion.  Johnson then filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.  He claimed there was a manifest injustice because he was induced into pleading guilty based on misrepresentations concerning his judicial release eligibility.  In July 2020, Johnson filed a motion for recalculation of jail-time credit. The trial court held a hearing on the matter, and, in June 2021, filed a decision and entry denying Johnson's motion to withdraw his guilty plea.  This decision and entry does not address the pending jail-time credit issue.

{¶ 5}  Johnson appeals.

## II.  Assignments of Error

{¶ 6}  Johnson presents the following five assignments of error for our review:

[I.] The lower court erred when it overruled Appellant's motion to withdraw his guilty plea in case no. 03CR-5039. The court's actions violated Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution, the Due Course of Law provisions of Article I, Sections 1 and 16 of the Ohio Constitution, the Cruel and Unusual Punishment Clause of Article I, Section 9 of the Ohio Constitution, *State v. Patrick*, 164 Ohio St.3d 309 (2020), R.C. 2929.02(B), R.C. 2929.12, Crim. R. 11(C)(2)(a), and Crim R. 32.1.

[II.] The lower court erred when it failed to award sixty (60) additional days of jail time credit towards Appellant's sentence imposed in case no. 03CR-5039. The court's actions violated Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, the Due Course of Law provisions of Article I, Sections 1 and 16 of the Ohio Constitution, R.C. 2929.19(B)(2)(g)(i), R.C. 2967.191, R.C. 2949.12, and Ohio Adm.Code 5120-2-04(B).

[III.] Assuming, without conceding, the lower court complied with Crim.R. 11(C)(2)(a) and lawfully informed Appellant at the July 17, 2006 hearing Appellant was subject to a mandatory fifteen years to life sentence under R.C. 2929.02(B) as it relates to R.C. 2903.02 (*cf.* Appellant's First Assignment of Error, *supra*), the imposition of a mandatory fifteen years to life sentence under R.C. 2929.02(B) as it relates to R.C. 2903.02 is unconstitutional as applied to juvenile offenders like Appellant because R.C. 2929.02(B) precludes judicial consideration of youth at sentencing under that statute in violation of Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution, the Due Course of Law provisions of Article I, Sections 1 and 16 of the Ohio Constitution, the Cruel and Unusual Punishment Clause of Article I, Section 9 of the Ohio Constitution, *Miller v. Alabama*, 567 U.S. 460 (2012), *State v. Long*, 138 Ohio St.3d 478 (2014), *State v. Patrick*, 164 Ohio St.3d 309 (2020), and Crim.R. 52(B).

[IV.] The lower court plainly erred when it failed at the July 17, 2006 hearing to merge Appellant's convictions for murder under R.C. 2903.02 and aggravated robbery under R.C. 2911.01. The court's actions violated Appellant's Right to Due Process of Law and Right Against Double Jeopardy under the Fifth and

Fourteenth Amendments of the United States Constitution, the Due Course of Law provisions and Right Against Double Jeopardy under Article I, Sections 1, 10, and 16 of the Ohio Constitution, R.C. 2941.25, and Crim.R. 52(B).

[V.] Appellant received ineffective assistance of counsel in case no. 03CR-5039. This violated Appellant's Right to Due Process of Law and Right to Counsel under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and the Due Course of Law and Right to Counsel provisions of Article I, Sections 1, 10, and 16 of the Ohio Constitution.

## III. Discussion

{¶ 7} For ease of discussion, we address the assignments of error out of order. Johnson's second assignment of error alleges the trial court erred in not awarding the requested additional jail-time credit. This assignment of error presents an issue not ripe for review.

{¶ 8} During the pendency of Johnson's motion to withdraw his guilty plea, he filed a motion for recalculation of jail-time credit, claiming his entitlement to 60 days more than the 1,105 days he received. But in the trial court's July 2021 decision and entry denying Johnson's motion to withdraw his guilty plea, it did not address his pending request for additional jail-time credit. Both parties assert the trial court implicitly denied Johnson's request for additional jail-time credit. This assertion is based on the well-settled principle that when a trial court does not rule on a pending motion prior to entering final judgment, such motion generally is deemed to have been implicitly overruled. *See, e.g., State v. Robinson*, 10th Dist. No. 20AP-128, 2021-Ohio-3496, ¶ 49. Under the circumstances of this case, however, we find this principle does not apply.

{¶ 9} As permitted by statute and rule, Johnson filed his motions to withdraw his guilty plea and for additional jail-time credit after the trial court entered its judgment of conviction and sentence. Pursuant to R.C. 2929.19(B)(2)(g)(iii), a sentencing court retains continuing jurisdiction to correct any jail-time credit error, and an offender may file a motion to correct such an error in determining jail-time credit "at any time after sentencing." Under Crim.R. 32.1, a defendant may seek to withdraw a guilty plea after the imposition of a sentence. At the hearing on Johnson's motion to withdraw his guilty plea, the trial court indicated it would adjudicate his jail-time credit motion in the same decision

and entry resolving his guilty plea withdrawal motion. We construe this as reflecting the trial court's intent to expressly analyze and rule on Johnson's jail-time credit motion. Despite so indicating, the trial court's decision and entry denying Johnson's guilty plea withdrawal motion makes no reference to the jail-time credit issue. This circumstance suggests the trial court ultimately would file a separate decision and entry on that issue, and it weighs against finding that Johnson's jail-time credit request was implicitly denied when the trial court ruled on his motion to withdraw his guilty plea. Under the authority of R.C. 2929.19(B)(2)(g)(iii), the trial court retained continuing jurisdiction to rule on Johnson's request for additional jail-time credit after ruling on his post-judgment motion to withdraw his guilty plea. The trial court's separate ruling on Johnson's motion for jail-time credit will constitute a final, appealable order. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 13. Under these circumstances, we conclude the trial court did not implicitly deny Johnson's request for additional jail-time credit.

{¶ 10} Because the trial court did not rule on Johnson's jail-time credit request, his second assignment of error is not ripe for review. We decline to address the merits of his jail-time credit request in the first instance.

{¶ 11} Next, we consider together Johnson's third and fourth assignments of error. His third assignment of error alleges the trial court's imposition of a mandatory 15 years to life sentence under R.C. 2929.02(B), as it relates to R.C. 2903.02, was unconstitutional as applied to juvenile offenders like him. In his fourth assignment of error, he contends the trial court erred in not merging his murder and aggravated robbery convictions for the purpose of sentencing. Based on res judicata principles, these two assignments of error are not well-taken.

{¶ 12} "Res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 23. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37 ("[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings."). "[T]he application of res judicata is mandatory, even if there is a subsequent change in the law by judicial decision." *State v. Ayers*, 185 Ohio App.3d 168, 2009-Ohio-6096, ¶ 16 (8th Dist.),

citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). "Ohio courts recognize an exception to the doctrine of res judicata in post-conviction proceedings where the petitioner presents new and competent evidence outside the record." *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 12 (10th Dist.).

{¶ 13} Johnson's merger and constitutional arguments do not rely on evidence that would have been outside a direct appeal record. Thus, these arguments could have been made in a direct appeal. Even so, Johnson did not file a timely direct appeal. Instead, in July 2014, he filed a motion for leave to file a delayed appeal, which this court denied. Because the issues raised in Johnson's third and fourth assignments of error could have been raised in a direct appeal from his judgment of conviction and sentence, but were not, res judicata bars him from raising the issues now.

{¶ 14} Accordingly, we overrule Johnson's third and fourth assignments of error.

{¶ 15} Johnson's first and fifth assignments of error involve interrelated issues, and, therefore, will be addressed together. Johnson's first assignment of error generally alleges the trial court erred in denying his motion to withdraw his guilty plea under Crim.R. 32.1. In his fifth assignment of error, Johnson argues he received ineffective assistance of counsel because his counsel, prior to his guilty plea, allegedly misinformed him regarding his eligibility for judicial release, and because his counsel, at the June 22, 2021 guilty plea withdrawal motion hearing, did not challenge the constitutionality of R.C. 2929.02(B)(1) as applied to him. These assignments of error are not well-taken.

{¶ 16} "A Crim.R. 32.1 motion is not a collateral challenge to the validity of a conviction or sentence, and instead only focuses on the plea." *State v. Eckley*, 5th Dist. No. 18 COA 014, 2019-Ohio-6, ¶ 22, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 13. Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, a trial court may allow a post-sentence withdrawal of a guilty plea only to correct a manifest injustice. *State v. Morris*, 10th Dist. No. 19AP-152, 2019-Ohio-3795, ¶ 11. A defendant seeking a post-sentence withdrawal of a guilty plea bears the burden of establishing the existence of a manifest injustice. *Id.*, citing *State v. Morgan*, 10th Dist. No. 12AP-241, 2012-Ohio-5773, ¶ 11. The term " '[m]anifest injustice relates to some

fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *Morgan* at ¶ 10, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. A "manifest injustice" is a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). Under this standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 17} The decision to grant or deny a motion to withdraw a guilty plea made under Crim.R. 32.1 rests within the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion. *Morris* at ¶ 12, citing *Morgan* at ¶ 11. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Here, the trial court concluded Johnson failed to demonstrate the existence of a manifest injustice that would permit him to withdraw his guilty plea, and it accordingly denied the motion. This conclusion was not unreasonable, arbitrary, or unconscionable.

{¶ 18} Ineffective assistance of counsel can constitute manifest injustice to support the withdrawal of a guilty plea pursuant to Crim.R. 32.1. *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist.). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989). Thus, "[w]hen an alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty." *State v. Taveras*, 12th Dist. No. CA2016-06-054, 2017-Ohio-1496, ¶ 17.

{¶ 19} We first consider Johnson's contention that he received ineffective assistance of counsel at the June 22, 2021 guilty plea withdrawal motion hearing because his counsel did not argue R.C. 2929.02(B)(1) was unconstitutionally applied to him at sentencing. Johnson argues his counsel should have challenged the sentence imposed as a basis for withdrawing his guilty plea. This argument is misplaced because it does not address the circumstances of his plea. And, as discussed above, Johnson's sentencing challenge could

have been raised in a direct appeal; thus, this challenge is barred by res judicata. Consequently, his counsel was not deficient in not arguing the constitutionality of his sentence at the motion to withdraw guilty plea hearing.

{¶ 20} Moreover, the trial court reasonably disbelieved Johnson's assertion that his trial counsel, prior to his guilty plea, misinformed him as to his eligibility for judicial release. Judicial release is a statutory creation authorizing a sentencing court to reduce an offender's prison term under particular circumstances. *See* R.C. 2929.20. Johnson concedes he is ineligible for judicial release, but he asserts he did not realize this until the trial court denied his motion for judicial release in 2019. In seeking to withdraw his guilty plea, Johnson testified that, prior to his guilty plea, his counsel misled him into incorrectly believing he would be eligible for judicial release, which he avers was a dispositive factor in his decision to plead guilty. But affidavits submitted under seal, of both of Johnson's trial counsel, refuted any assertion that either attorney had misinformed him regarding his eligibility for judicial release if he pled guilty. In weighing this evidence and acting within its discretion, the trial court discounted Johnson's testimony, effectively concluding that his trial counsel did not misinform him regarding his eligibility for judicial release. As such, Johnson failed to demonstrate ineffective assistance of trial counsel in support of his request to withdraw his guilty plea.

{¶ 21} In alleging manifest injustice, Johnson also argues that neither the trial court nor plaintiff-appellee, State of Ohio, properly informed him regarding his jail-time credit or that he would be ineligible for judicial release if he pled guilty. He asserts the guilty plea form, and the state's summary of the terms of the plea, were misleading or at least ambiguous as to his earned jail-time credit and judicial release eligibility, resulting in his misunderstanding of these issues. He claims this misunderstanding means his plea was not entered knowingly, intelligently, and voluntarily, and that he would not have pled guilty if he had a full understanding of these issues. Thus, he argues there existed a manifest injustice. We are unpersuaded.

{¶ 22} The trial court reasonably found Johnson's assertions supporting his motion to withdraw his guilty plea not credible. In addition to refuting Johnson's assertion that his trial counsel misinformed him regarding judicial release, his trial counsel explained in his affidavit that, after this court reversed the trial court's suppression rulings, the status of the

evidence demonstrating Johnson's guilt of the charged offenses made going to trial not a viable option for him. The overwhelming evidence of guilt included an eyewitness identification and Johnson's confession to committing the robbery and murder. *See Johnson*, 163 Ohio App.3d at ¶ 8, 25. These circumstances discredit Johnson's assertion that he would not have pled guilty   Accordingly, we conclude the trial court did not abuse its discretion in finding Johnson failed to demonstrate a manifest injustice in connection with his guilty plea.

{¶ 23} Johnson further argues his motion to withdraw his guilty plea should have been granted because the trial court did not properly account for his age at the sentencing hearing, the sentencing entry indicated that only the firearm specification carried mandatory incarceration, the state's response to his judicial release motion indicated he was eligible for judicial release, and the Ohio Department of Rehabilitation and Correction's paperwork suggested his sentence was not entirely mandatory. These arguments are unpersuasive, however, as they are not directly pertinent to the circumstances of Johnson's guilty plea, which is the focus of a Crim.R. 32.1 motion.

{¶ 24} Because the trial court did not abuse its discretion in denying Johnson's motion to withdraw his guilty plea under Crim.R. 32.1, we overrule his first and fifth assignments of error.

## IV. Disposition

{¶ 25} Having overruled Johnson's first, third, fourth, and fifth assignments of error, and having found his second assignment of error not ripe for our review, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

_____