[Cite as *State v. Leppert*, 2011-Ohio-6406.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   11 JE 6 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| KARRIE LEPPERT, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
Court, Case No. 10CR65.

JUDGMENT:                                  Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                    Attorney Jane Hanlin
                                                      Prosecuting Attorney
                                                      16001 State Route Seven
                                                      Steubenville, Ohio  43952

For Defendant-Appellant:               Attorney Christopher Gagin
                                                      970 Windham Court, Suite 7
                                                      Youngstown, Ohio  44512

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                      Dated:  December 7, 2011

VUKOVICH, J.

{¶ 1} Defendant-appellant Karrie Leppert appeals from the conviction and sentence entered in the Jefferson County Common Pleas Court for two counts of drug trafficking, one count of drug possession, and the specification that the $2,020 found on her at the time of her arrest was used or intended to be used in the commission or facilitation of a felony drug offense. Leppert asserts that the trial court erred when it required her to admit her crimes prior to it accepting her plea.

{¶ 2} We find no merit with her argument. Leppert's position that the trial court required her to confess prior to accepting her plea is inaccurate. That said, when the trial court was determining whether she understood the charges against her, its questions did illicit confessions. However, that did not render her plea unknowing, unintelligent or involuntary; the trial court complied with Crim.R. 11(C) in accepting the guilty plea. Thus, the judgment of the trial court is hereby affirmed.

## STATEMENT OF THE CASE

{¶ 3} Leppert was indicted on two counts of drug trafficking, violations of R.C. 2925.02(A)(1)(C)(4)(c), fourth-degree felonies and one count of drug possession, a violation of R.C. 2925.11(A)(C)(4)(f), a first-degree felony. Two specifications were attached to the drug possession charge. The first specification was that the $2,020 that was seized at the time of her arrest was used or intended to be used in the commission of a felony drug offense. The second specification was that Leppert was a major drug offender as defined by R.C. 2929.01. 06/02/10 Indictment.

{¶ 4} Leppert originally pled not guilty to the charges. However, the state and Leppert eventually entered into a plea agreement. Leppert pled guilty to both drug trafficking charges, the drug possession charge, and the specification pertaining to the money that was seized at the time of her arrest. 12/15/10 Plea Tr.; 01/05/11 J.E. The major drug offender specification was dismissed. The parties agreed on a joint recommendation of an aggregate seven year prison term, all of which was mandatory. 12/15/10 Plea Tr.; 01/05/11 J.E.

{¶ 5} Following a Crim.R. 11 plea colloquy, the trial court accepted the guilty plea and followed the parties agreed upon sentence recommendation. Accordingly, on each drug trafficking conviction, Leppert received a six month sentence and on the drug possession charge a seven year mandatory sentence. The court ordered those sentences to be served concurrently. 01/27/11 J.E. Leppert was permitted by this court to file a delayed appeal.

ASSIGNMENT OF ERROR

{¶ 6} "MANIFEST INJUSTICE RESULTED WHEN THE TRIAL COURT COMPELLED DEFENDANT-APPELLANT TO CONFESS PRIOR TO ACCEPTING HER CHANGE OF PLEA CONTRA TO CRIM.R. 11(C) AND IN VIOLATION OF THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

{¶ 7} The sole issue in this case is whether a trial court's alleged requirement for a defendant to confess to her crimes prior to advising her of the constitutional and nonconstitutional rights she is waiving by entering a guilty plea and prior to accepting her guilty plea renders the plea not knowingly, voluntarily or intelligently entered. In the appellate brief while Leppert acknowledges that this is the issue, she tries to also employ the manifest injustice standard of review espoused in Crim.R 32.1. The language in the brief states that the appeal "must be viewed as one pursued as a post-sentence motion pursuant to Crim.R. 32.1."

{¶ 8} Crim.R. 32.1 provides that a post-sentence motion to withdraw a guilty plea can only be granted to correct a manifest injustice. However, Leppert did not file a post-sentence motion to withdraw. Thus, the trial court did not render a ruling on whether a manifest injustice occurred in the acceptance of the plea and, as such, we have no Crim.R. 32.1 decision to review. Furthermore, the trial court, not the reviewing court, employs the manifest injustice test. The reviewing court only reviews the decision of the trial court to grant or deny the post-sentence motion to withdraw for an abuse of discretion. *State v. Ikharo*, 10th Dist. No. 10AP967, 2011-Ohio-2746, ¶9, citing *State v. Smith* (1977), 49 Ohio St.2d 261. Therefore, Crim.R. 32.1 and its manifest injustice standard are wholly inapplicable in this situation. Consequently, we will not review this appeal for whether a manifest injustice occurred, but rather for whether Leppert's plea was knowingly, intelligently and voluntarily entered.

{¶ 9} In determining whether a felony guilty plea is entered into knowingly, intelligently and voluntarily all relevant circumstances surrounding the acceptance of the guilty plea must be considered. *State v. Jones*, 7th Dist. No. 09MA144, 2011-Ohio-1648, ¶16. Typically, the analysis surrounds whether the Crim.R. 11 (C) advisements were made. These advisements are typically divided into constitutional rights and nonconstitutional rights.

{¶ 10} The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶19-21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney,* supra, at ¶31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477. See, generally, *Boykin v. Alabama* (1969), 395 U.S. 238. See, also, *State v. Singh* (2000), 141 Ohio App.3d 137.

{¶ 11} The nonconstitutional rights are that: 1) the defendant must be informed of the nature of the charges; 2) the defendant must be informed of the maximum penalty involved, which includes an advisement on post-release control, if it is applicable; 3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and 4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b); *Veney,* supra, at ¶10-13; *State v. Sarkozy,* 117 Ohio St.3dd 86, 2008-Ohio-509, ¶19-26, (indicating that post-release control is a nonconstitutional advisement); *State v. Aleshire,* 5th Dist. No.2007-CA-1, 2008-Ohio-5688, ¶8 (stating that post-release control is a part of the maximum penalty).

{¶ 12} For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero* (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* supra, at ¶15 quoting *Nero,* supra at 108. Furthermore, a defendant

who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney,* supra, at ¶15 citing *Nero,* supra, at 108.

{¶ 13} The record clearly indicates that Leppert was not coerced in any manner to enter the guilty plea. 12/15/10 Plea Tr. 7. In the sentencing transcript, it shows that prior to the trial court issuing the sentence, Leppert had made statements to either counsel and/or the court off the record indicating that she might wish to withdraw her guilty plea. On the record, the trial court indicated that if she wanted to withdraw her guilty plea, it would grant such a request. 01/25/11 Sentencing Tr. 1-8. The state also indicated it would not oppose such a request. 01/25/11 Sentencing Tr. 1-8. Leppert indicated after the discussion and some time to consult with her attorney that she did not wish to withdraw her guilty plea. 01/25/11 Tr. 8.

{¶ 14} Likewise, a review of the plea transcript clearly reveals that Leppert was advised of all her constitutional and nonconstitutional rights. Leppert was informed and acknowledged that she understood that by pleading guilty she was waiving her right to a jury trial, to confront witnesses against her, to subpoena witnesses in her favor and to have the state prove at trial each and every element of the offenses by proof beyond a reasonable doubt. 12/15/10 Plea Tr. 9, 12-13. She was also informed and indicated that she understood that if she went to trial she could not be compelled to testify against herself and that by pleading guilty she was giving up that right. 12/15/10 Plea Tr. 13-14. Leppert was also advised of the charges against her and the maximum punishment for the crimes, including post release control. 12/15/10 Plea Tr. 6-9, 10-12, 16-18. She was also informed that after acceptance of the guilty plea the court could proceed directly to sentencing. 12/15/10 Plea Tr. 6-7.

{¶ 15} It was during the advisement of the charges against her where the alleged error occurred.

{¶ 16} "THE COURT: Had this case gone to trial or if you wanted a trial and certainly at this point you could still have one, you would have a number of trial rights but by your plea of guilty you're waiving or giving up all these rights. So, I want to explain some of them to you.

{¶ 17} "First and perhaps most important is your right to trial by jury and in this case that means that there would have been 12 jurors who could not convict you unless they were unanimously convinced beyond a reasonable doubt by the State of Ohio of each and every element of these offenses.  Do you understand that?

{¶ 18} "THE DEFENDANT:  Yes, sir.

{¶ 19} "THE COURT:  Okay.  With respect to Count One, you're charged with trafficking in crack cocaine, more than 1 gram on April the 14th, 2010.  What did you do to get yourself into that trouble?

{¶ 20} "THE DEFENDANT:  Got mixed up with the wrong crowd.

{¶ 21} "* * *

{¶ 22} "THE COURT:  Okay.  But you're allowed to do that in America and that's not a crime.

{¶ 23} "* * *

{¶ 24} "THE COURT:  What did you do that was trafficking in cocaine?

{¶ 25} "THE DEFENDANT:  Oh.  I sold crack cocaine.

{¶ 26} "THE COURT:  Okay. And was it at least a gram.

{¶ 27} "THE DEFENDANT:  Yes, sir.

{¶ 28} "THE COURT:  Okay.  And with respect to Count Two, it looks like the same thing all over again on April the 21st.  It's a week later.  What did you do to get yourself into that trouble?

{¶ 29} "THE DEFENDANT:  Did the same thing, sir, sold crack cocaine.

{¶ 30} "THE COURT:  Okay.  And was it at least a gram that time too?

{¶ 31} "THE DEFENDANT:  Yes, sir.

{¶ 32} "THE COURT:  Then in count Three, you're charged with possession of crack cocaine in excess of 100 grams.

{¶ 33} "THE DEFENDANT:  I possessed --

{¶ 34} "THE COURT:  What did you do to get yourself into that trouble?

{¶ 35} "THE DEFENDANT:  I possessed crack cocaine.

{¶ 36} "THE COURT:  Was it more than 100 grams?

{¶ 37} "THE DEFENDANT:  Yes, sir.

{¶ 38} "THE COURT: And was it around April 23rd, 2010, around about then anyway?

{¶ 39} "THE DEFENDANT: Yes, sir.

{¶ 40} "THE COURT: Okay. And with respect to the forfeitures you understand that the $2,020 forfeiture and the $15,381 forfeiture, the State of Ohio would not cause you to forfeit that, they couldn't make you forfeit it unless they could provide that it was either used in a felony drug offense or it was the product of a felony drug offense. Do you understand that?

{¶ 41} "THE DEFENDANT: Yes, sir.

{¶ 42} "THE COURT: And it's my understanding that part of your plea is you're agreed in that that money will be forfeited.

{¶ 43} "THE DEFENDANT: Yes, sir.

{¶ 44} "* * *

{¶ 45} "THE COURT: And that if there was a trial it's the State of Ohio that would have the burden of proving beyond a reasonable doubt each and every element, all the things that you and I just talked about. Do you understand that?

{¶ 46} "THE DEFENDANT: Yes, sir." 12/15/10 plea Tr. 9-12.

{¶ 47} Reading the questions in the context they were made, we do not find that the trial court was requiring Leppert to confess in order to accept her guilty plea. Rather, it appears that the trial court is trying to determine if she knows the charges against her and knows what the state would be required to prove if she decided to go to trial. Thus, Leppert's characterization that the trial court was **requiring** her to confess before it would accept her guilty plea is not completely accurate. This is not the situation where the trial court demands that a defendant state exactly what he or she did to commit the crimes or it will not accept the guilty plea.

{¶ 48} Furthermore, case law provides that a plea of guilty constitutes a complete admission of guilt and that "by entering a plea of guilty, the accused is not simply stating that he did the acts described in the indictment; he is admitting guilt of a substantive crime." *State v. Wright* (July 29, 1994), 4th Dist. No.93CA2110, citing *United States v. Broce* (1989), 488 U.S. 563, 570. Thus, since the guilty plea is itself an admission, any confession that occurs during the plea colloquy as a result of

questions asked by the court would be harmless. The effect of the confession in that situation is the same as the effect of the guilty plea.

{¶ 49} Consequently, there is no basis to find that the trial court's questions rendered the guilty plea unknowingly, unintelligently or involuntary entered. The plea colloquy complied with Crim.R. 11's mandates. The plea transcript evinces that Leppert wanted to enter a guilty plea and did so knowingly, intelligently and voluntarily. We do not find any basis to reverse the trial court's acceptance of the guilty plea.

{¶ 50} Leppert contends that allowing the court to obtain a confession prior to accepting her guilty plea means that if the guilty plea is withdrawn, her confession is still on record and could be used against her. Although a prior decision from this court casts doubt on whether admissions made when entering a plea could be used against a defendant where the guilty plea is withdrawn, we are not called upon to decide that issue at this time. *State v. Marcum*, 7th Dist. No. 03CO36, 2004-Ohio-3036, ¶43. Leppert's plea was not withdrawn. Thus, the issue of what effect the "confession" made during the plea colloquy would have if the plea had been withdrawn is not ripe for review. This assignment of error lacks merit; the plea was entered into knowingly, intelligently and voluntarily.

{¶ 51} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, P.J., concurs.