DECISION AND JOURNAL ENTRY
{¶ 1} Petitioner-Appellant Victor Brooks has appealed from a decision of the Lorain County Court of Common Pleas that denied his petition for post-conviction relief. This Court affirms.
 I {¶ 2} On November 20, 2001, Appellant was indicted by the Summit County Grand Jury on five counts: tampering with evidence, in violation of R.C. 2921.12(A)(1); theft of identity, in violation of R.C. 2913.49(A); possession of criminal tools, in violation of R.C. 2923.24(A); passing bad checks, in violation of R.C. 2913.11(A); and forgery, in violation of R.C. 2913.31(A). Appellant initially entered a plea of not guilty and the case was set for trial. However, pursuant to a plea agreement, Appellant pleaded guilty to all of the charges set forth in the indictment and was sentenced on June 11, 2002, to a term of two years incarceration on the conviction for tampering with evidence and one year of incarceration for each of the remaining convictions. All sentences were to be served concurrently, following Appellant's completion of a term of incarceration resulting from his parole violation.
 {¶ 3} On March 11, 2003, Appellant filed a petition for post-conviction relief with the trial court. The State responded to the petition on April 16, 2003. The trial court denied Appellant's petition without a hearing on May 7, 2003.
 {¶ 4} Appellant has timely appealed, asserting three assignments of error. We have consolidated his assignments of error to facilitate review.
 II Assignment of Error Number One
"[Appellant] was denied his Constitutional Right to Effective Assistance of Counsel [because counsel refused] to [confirm] the validity of the search [warrant] used to arrest [appellant] and obtain the charges and advising [appellant] to plead guilty to the [`]tampering with evidence['] charge, which [trial counsel] knew [appellant] could not possibly be guilty of."
 Assignment of Error Number Two
"[Appellant] was denied his fourteenth amendment due process rights."
 Assignment of Error Number Three
"[Appellant's] fourth amendment [rights were] violated by using a search [warrant] that was not sign[ed] by a judge to obtain the indictment and conviction of this case."
 {¶ 5} In Appellant's first, second, and third assignments of error, he has argued that the trial court abused its discretion when it denied his petition for post-conviction relief. Specifically, he has argued that: (1) he was afforded the ineffective assistance of counsel at trial because his attorney did not verify the validity of the search warrant and that his attorney forced him to plead guilty to the charges contained in the indictment; (2) his constitutional right to due process was violated by the Lorain County Prosecutor's Office and the Lorain County Police Department when they both failed to give Appellant a copy of what Appellant claimed was exculpatory evidence he had requested in his motion for discovery; and (3) the search warrant used to search Appellant's apartment and obtain the evidence used against him at trial was defective and therefore inadmissible against him at trial. We disagree.
 {¶ 6} An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. State v. Houser, 9th Dist. No. 21555,2003-Ohio-6811, at ¶ 12, citing State v. Watson (1998),126 Ohio App.3d 316, 324. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} Petitions for post-conviction relief are governed by R.C.2953.21 and R.C. 2953.23. "R.C. 2953.21 sets forth the statutory framework governing post-conviction relief. Specifically, this statute provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds." State v. Nixon, 9th Dist. No. 02CA008148, 2003-Ohio-1476, at ¶ 7, appeal not allowed (2003), 99 Ohio St.3d 1467. A petition for post conviction relief must state the grounds that support the relief requested, and request that the court either vacate or set aside the judgment or sentence imposed. R.C. 2953.21(A)(1). The petition may also ask the court to grant other appropriate relief. Id.
 {¶ 8} "Although defendants may petition for post-conviction relief, they are still required to abide by certain time requirements for filing such a petition, as outlined in R.C. 2953.21(A)(2)." Nixon,
supra, at ¶ 8. Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no more than one hundred eighty days after the expiration of the time for filing the direct appeal of a conviction or sentence. The notice of appeal of a criminal conviction or sentence must be filed within thirty days of journalization of the judgment. See App.R. 4(A). It then follows that if a defendant does not file a direct appeal, he has two hundred and ten days to file a timely petition for post-conviction relief.
 {¶ 9} In the instant matter, Appellant was sentenced on June 11, 2002. Thus he had until July 11, 2002, to file his direct appeal, which he failed to do. As such, Appellant had until January 7, 2003, which was one hundred and eighty days after the July 11, 2002 deadline, to file his petition for post-conviction relief.
 {¶ 10} Appellant filed his petition for post-conviction relief on March 11, 2003, which was two hundred and seventy three days following the imposition of his sentence and sixty three days beyond the statutory time period to file a petition for post-conviction relief under R.C.2953.21. As a result, Appellant's petition filed on March 11, 2003 was untimely filed with the trial court.
 {¶ 11} However, pursuant to R.C. 2953.23(A)(1), the trial court may consider an untimely petition for post-conviction relief if the defendant demonstrates either:
"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
[or]
"(b) Subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applied retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."
In addition, R.C. 2953.23(A)(2) provides that the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted."
 {¶ 12} In the instant matter, Appellant has failed to argue to this Court that he was "unavoidably prevented" from discovering the facts upon which he relies in his claim for relief. He has simply argued that he is innocent of the charges set forth in the indictment; that the Lorain County Prosecutor's Office, the Lorain County Police Department, and his retained counsel conspired to perpetrate a fraud upon him and secure his guilty plea; and that the search warrant that produced the evidence resulting in his indictment was defective. Appellant has also failed to argue that his petition for post-conviction relief was based upon a new federal or state right that has been recognized by the United States Supreme Court and that should be applied to him retroactively. He has also failed to put forth clear and convincing evidence that, but for the alleged constitutional error at trial, he would not have been found guilty of the offenses charged in the indictment and to which he pleaded guilty. In sum, Appellant has failed to fulfill the requirements of R.C.2953.23(A) for an untimely petition for post-conviction relief. Based on the foregoing, this Court concludes that the trial court did not abuse its discretion when it denied Appellant's petition for post-conviction relief.
 III {¶ 13} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J., Carr, J., concur.