OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Defendant-Appellant, James Freed ("Freed") appeals from the May 9, 2006 judgment of the Putnam County Court of Common Pleas, Putnam County, Ohio overruling Freed's Petition for Post Conviction Relief to Correct a Manifest Injustice in Sentencing.
 {¶ 2} On June 15, 1998 the Putnam County Court of Common Pleas sentenced Freed to six years in prison for his conviction of Aggravated Robbery, a violation of R.C. 2911.01(A)(1), a felony of the first degree. After serving the full six year term, Freed was released from prison. Approximately one year later, Freed committed the offense of Burglary in Auglaize County.[1]
 {¶ 3} On May 9, 2006 Freed filed a Motion for Post Conviction Relief to Correct a Manifest Injustice in Sentencing with the Putnam County Court of Common Pleas. This motion was overruled by the court on the same date.
 {¶ 4} Freed now appeals, asserting six assignments of error.
 ASSIGNMENT OF ERROR NO. I THE ORIGINAL SENTENCING COURT ERRED WHEN IT IMPOSED A SIX YEARSENTENCE UPON THE DEFENDANT FOR A CONVICTION OF A FIRST DEGREEFELONY WHEN IT FAILED TO INCORPORATE A MANDATORY STATUTORY FIVEYEAR POST RELEASE CONTROL REQUIREMENT INTO IT'S [SIC] SENTENCEAND SENTENCE JOURNAL ENTRY.
 ASSIGNMENT OF ERROR NO. II THE ORIGINAL SENTENCING COURT FURTHER ERRED BY AT NO TIMEWHILE THE OFFENDER SERVED HIS ENTIRE SIX YEAR SENTENCE AND PRIORTO IT'S [SIC] CONCLUSION NOTIFYING HIM OF THIS POST RELEASECONTROL REQUIREMENT. THEREFORE, AT THE CONCLUSION OF THEDEFENDANT'S SIX YEAR TERM, THE SENTENCING COURT LOST IT'S [SIC]JURISDICTION TO RENOTIFY [SIC] OFFENDER OF MANDATORY POST RELEASECONTROL REQUIREMENT.
 ASSIGNMENT OF ERROR NO. III SUBSEQUENTLY, THE TRIAL COURT OUT OF AUGLAIZE COUNTY DID NOTHAVE PROPER AUTHORITY TO IMPOSE A POST RELEASE CONTROL SANCTIONPRISON TERM OF TWO YEARS UPON THIS DEFENDANT FOR VIOLATING A POSTRELEASE CONTROL SANCTION THAT WAS NEVER PROPERLY IMPOSED BY THEORIGINAL TRIAL COURT.
 ASSIGNMENT OF ERROR NO. IV THE ADULT PAROLE AUTHORITY DOES NOT HAVE THE AUTHORITY TOIMPOSE AND ENFORCE POST RELEASE CONTROL UPON OFFENDERS WHEN POSTRELEASE CONTROL WAS NOT PROPERLY IMPOSED BY THE SENTENCING COURTAS PART OF IT'S [SIC] JUDICIALLY IMPOSED SENTENCE, ANDINCORPORATED INTO IT'S [SIC] SENTENCE JOURNAL ENTRY.
 ASSIGNMENT OF ERROR NO. V WHEN THE TRIAL COURT IN AUGLAIZE COUNTY SENTENCED THISDEFENDANT PURSUANT TO R.C. 2929.14, IT VIOLATED ART. II, § 28 OFTHE OHIO CONSTITUTION PROHIBITING THE ENFORCEMENT OF LAWSRETROACTIVELY.
 ASSIGNMENT OF ERROR NO. VI WHEN THE TRIAL COURT IN AUGLAIZE COUNTY SENTENCED THISDEFENDANT PURSUANT TO R.C. 2929.14, IT VIOLATED ART. I § 10 OFTHE US [SIC] CONSTITUTION PROHIBITING THE PASSING AND ENFORCEMENTOF EX POST FACTO LAWS.
 {¶ 5} Prior to addressing Freed's assignments of error, we must first address the nature of this appeal as Freed has appealed the denial of his Petition for Post Conviction Relief to Correct a Manifest Injustice in Sentencing pursuant to R.C.2953.21. According to R.C. 2953.21(A)(2),
Except as otherwise provided in section 2953.23 of the RevisedCode, a petition under division (A)(1) of this section shall befiled no later than one hundred eighty days after the date onwhich the trial transcript is filed in the court of appeals inthe direct appeal of the judgment of conviction or adjudication* * *. If no appeal is taken, except as otherwise provided insection 2953.23 of the Revised Code, the petition shall be filedno later than one hundred eight days after the expiration of thetime for filing the appeal.
 {¶ 6} In this case, Freed was convicted of Aggravated Robbery and sentenced by the Putnam County Court of Common Pleas on June 15, 1998. The record reflects that Freed never filed a direct appeal of his conviction or sentence pursuant to App.R.4(A). Pursuant to R.C. 2953.21, Freed had to file a petition for post conviction relief within 180 days after the expiration of the time for filing the appeal to be timely. It follows then that if a defendant does not file a direct appeal, he has two hundred and ten days to file a timely petition for post conviction relief.State v. Brooks 9th Dist. 03CA008292, 2004-Ohio-194. However, the record reflects that Freed did not file his Petition for Post Conviction Relief until May 1, 2006.
 {¶ 7} We note that the trial court's May 9, 2006 Judgment Entry is silent as to whether Freed's petition was timely filed pursuant to R.C. 2953.21(A)(2). However, a trial court is entitled to a presumption of correctness and presumption that the court knew the law and acted accordingly. Fletcher v. Fletcher
(1984), 68 Ohio St.3d 464, 468, 628 N.E.2d 1342. A reviewing court will presume the validity of a judgment as long as there is evidence in the record to support it. Id. In the present case there is evidence in the record to support that Freed's Petition for Post Conviction Relief was untimely filed and therefore the trial court lacked jurisdiction to consider Freed's petition. R.C. 2953.21(A)(2); see State v. Gilliam 4th Dist. No. 04CA13,2005-Ohio-2470. Therefore, we may presume that this fact was, at least in part, the basis for the trial court's decision to overrule Freed's petition.
 {¶ 8} Although Freed's Petition for Post Conviction Relief was untimely, in the interests of justice we shall address his first, second, and fourth assignments of error. In his first assignment of error, Freed alleges that the Putnam County court erred when it failed to notify him of the mandatory nature of the post release control requirement for the Robbery charge and failed to properly incorporate said notification in its June 15, 1998 Judgment Entry of Sentence. In his second assignment of error, Freed alleges that the Putnam County court also erred when it failed to notify him of the post release control requirement at any time during his six year sentence. In his fourth assignment of error, Freed alleges that the Adult Parole Authority lacks the authority to impose and enforce post release control requirements upon offenders when said requirements are not properly imposed by the sentencing court and incorporated into the journal entry on sentencing.
 {¶ 9} In the present case, it does not appear that the June 15, 1998 Judgment Entry of Sentence precisely conforms to the provisions of R.C. 2929.14 and R.C. 2967.28.
 {¶ 10} Specifically, R.C. 2929.14, as effective March 17, 1998, provided in relevant part:
(A) Except as provided in division (C), (D)(2), (D)(3),(D)(4), or (G) of this section and except in relation to anoffense for which a sentence of death or life imprisonment is tobe imposed, if the court imposing a sentence upon an offender fora felony elects or is required to impose a prison term on theoffender pursuant to this chapter and is not prohibited bydivision (G)(1) of section 2929.13 of the Revised Code fromimposing a prison term on the offender, the court shall impose adefinite prison term that shall be one of the following:
 (1) For a felony of the first degree, the prison term shall bethree, four, five, six, seven, eight, nine, or ten years. * * *
 (F) If a court imposes a prison term of a type described indivision (B) of section 2967.28 of the Revised Code, itshall include in the sentence a requirement that the offenderbe subject to a period of post-release control after theoffender's release from imprisonment, in accordance with thatdivision. If a court imposes a prison term of a type describedin division (C) of that section, it shall include in the sentencea requirement that the offender be subject to a period ofpost-release control after the offender's release fromimprisonment, in accordance with that division, if the paroleboard determines that a period of post-release control isnecessary. (Emphasis added).
 {¶ 11} Additionally, R.C. 2967.28, as effective March 17, 1998, provided the definition of "post release control" and stated in relevant part:
(A) As used in this section:
 (1) "Post-release control" means a period of supervision bythe adult parole authority after release from imprisonment thatincludes one or more post-release control sanctions imposed underthis section.
 (2) "Post-release control sanction" means a sanction that isauthorized under sections 2929.16 to 2929.18 of the Revised Codeand that is imposed upon a prisoner upon the prisoner's releasefrom a prison term . . .
* * *
(B) Each sentence to a prison term for a felony of the firstdegree, for a felony of the second degree, for a felony sexoffense, or for a felony of the third degree that is not a felonysex offense and in the commission of which the offender caused orthreatened to cause physical harm to a person shall include arequirement that the offender be subject to a period ofpost-release control imposed by the parole board after theoffender's release from imprisonment. Unless reduced by theparole board pursuant to division (D) of this section whenauthorized under that division, a period of post-release controlrequired by this division for an offender shall be of one of thefollowing periods:
 (1) For a felony of the first degree or for a felony sexoffense, five years;
* * *
(D)(1) Before the prisoner is released from imprisonment, theparole board shall impose upon a prisoner described indivision (B) of this section, may impose upon a prisonerdescribed in division (C) of this section, and shall impose upona prisoner described in division (B)(2)(b) of section 5120.031 orin division (B)(1) of section 5120.032 of the Revised Code, oneor more post-release control sanctions to apply during theprisoner's period of post-release control. (Emphasis added).
 {¶ 12} The findings required by the sentencing statutes may be made either orally at the sentencing hearing or in written form in the judgment entry. State v. Seitz (2001),141 Ohio App.3d 347, 348, 750 N.E.2d 1228. However, in the present case, we have no transcript before us from the sentencing hearing. Therefore, we must confine our discussion of the trial court's compliance with the sentencing statutes to the language contained in the Judgment Entry.
 {¶ 13} Subsequent to the language ordering Freed to a term of six years in prison, the June 15, 1998 Judgment Entry contains the following language regarding post release control:
"Defendant is notified that as part of this sentence, theparole board may extend prison time up to 50% of the stated termin 15, 20, 60 or 90 day increments for crimes committed while inprison. After prison release, if post-release control isimposed, for violating post release control conditions, theadult parole authority or parole board may impose a morerestrictive or longer control sanction, return defendant toprison for up to nine months for each violation, up to a maximumof 50% of the stated term. If the violation is a new felonydefendant may receive a new prison term of the greater of oneyear or the time remaining on post release control." (Emphasisadded).
 {¶ 14} We find that the foregoing did not expressly comply with the mandatory requirements of R.C. 2929.14 and R.C. 2967.28. Ordinarily this would lead to the conclusion that the trial court erred in failing to notify Freed that he would be subject to post release control upon his release from prison, and that the June 15, 1998 Judgment Entry is void as it relates to the imposition of post release control sanctions.
 {¶ 15} However, in Watkins v. Collins, ___ Ohio St.3d ___,2006-Ohio-5082, the Supreme Court of Ohio recently addressed this very issue. Watkins addressed an action for a writ of habeas corpus to compel the release of 12 petitioners who are currently in prison for violating the terms of their post release control.
The sentencing entries for the petitioners specified that postrelease control was, at a minimum, discretionary and was part oftheir sentences. Specifically, the trial courts involved insentencing petitioners Watkins, Streeter, Moore, McGlone,Gaskins, and Kearns stated that these petitioners were "[o]rderedto serve as part of this sentence any term of post releasecontrol imposed by the Parole Board, and any prison term forviolation of that post release control." The sentencing entriesfor petitioners Ivy and Ramey stated that "[f]ollowing thedefendant's release from prison, the defendant will/may serve aperiod of post-release control under the supervision of theparole board." For petitioner Maddox, the sentencing entrylikewise provided that "defendant is subject to post-releasecontrol which is (mandatory/optional) for up to (three/five)years." The sentencing entry for petitioner McGowan stated thathe "may be subject to a period of three (3) years of post-releasecontrol by the parole board." Finally, for petitioners Bowlingand Abbott, the trial court sentencing entries stated that "ifpost release control is imposed, for violation of post releasecontrol conditions, the Adult Parole Authority or Parole Boardcould * * * return defendant to prison * * *."
 Watkins at ¶ 50.
 {¶ 16} The Ohio Supreme Court noted that "while these entries erroneously refer to discretionary instead of mandatory post release control, they contain significantly more information than any of the sentencing entries previously held by this court to be insufficient." See e.g. Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301, Adkins v. Wilson,110 Ohio St.3d 1454, 2006-Ohio-4275, 852 N.E.2d 749, and Gensley v. Eberlin,110 Ohio St.3d 1474, 2006-Ohio-4474, 853 N.E.2d 313. Watkins at ¶ 51. Consequently, the court found as follows:
"The sentencing entries at issue are sufficient to affordnotice to a reasonable person that the courts were authorizingpost release control as part of each petitioner's sentence. Areasonable person in the position of any of the petitioners wouldhave had sufficient notice that post release control could beimposed following the expiration of the person's sentence. Anychallenged to the propriety of the sentencing court's impositionof post release control in the entries could have been raised onappeal."
 Watkins at ¶ 51.
 {¶ 17} Therefore, the Ohio Supreme Court found that the petitioners' sentencing entries, although they mistakenly included wording that suggested that imposition of post release control was discretionary, contained sufficient language to authorize the Adult Parole Authority to exercise post release control over the petitioners and denied the writ. Watkins at ¶ 53.
 {¶ 18} Accordingly, pursuant to the ruling of the Ohio Supreme Court in Watkins v. Collins, supra, Freed's first, second, and fourth assignments of error must be overruled, notwithstanding the untimeliness of the petition in this case.
 {¶ 19} Turning our attention to Freed's third, fifth, and sixth assignments of error, we note that these assignments of error directly relate to the Journal Entry on Sentence rendered by the Auglaize County Court of Common Pleas on November 4, 2005. However, we note that Freed has not filed an appeal from the Auglaize County Journal Entry. Therefore, the Auglaize County Journal Entry is not currently before us on appeal and is thus not subject to our review. For that reason, we find that Freed's third, fifth, and sixth assignments of error relate to matters outside the jurisdiction of this court pertaining to this appeal and must be overruled.
 {¶ 20} Accordingly, the May 9, 2006 Judgment Entry is affirmed.
Judgment affirmed.
 Rogers and Cupp, JJ., concur.
[1] Although not properly documented in the record, there is some indication that on October 31, 2005 the Auglaize County Court of Common Pleas convicted Freed of Burglary, a violation of R.C. 2911.12(a)(4), a felony of the fourth degree, and that in its November 4, 2005 Journal Entry on Sentence, the court sentenced Freed to a prison term of 17 months. Additionally, and pursuant to R.C. 2929.141(B)(1), it appears that the Auglaize court found that Freed was on post release control at the time the Burglary was committed and therefore ordered that Freed serve an additional 730 days, or two years, to be served consecutively to the 17 month sentence for Burglary, for a total prison sentence of three years, five months.