[Cite as *State v. Jacobs*, 2018-Ohio-3218.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO.  8-18-04

    v.

CALEB JACOBS,                           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR12 10 242

Judgment Affirmed

Date of Decision:   August 13, 2018

APPEARANCES:

    *Christina Madriguera* for Appellant

    *Eric C. Stewart* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Caleb Jacobs ("Jacobs"), appeals the January 9, 2018 judgment entry of sentence of the Logan County Court of Common Pleas. We affirm.

{¶2} Jacobs was convicted in 2013 of felonious assault, assault, and escape. (Doc. No. 42). On April 1, 2013, he was sentenced to an aggregate term of four and one-half years' imprisonment. (Doc. No. 45). At the sentencing hearing, the trial court notified Jacobs that "it is mandatory that after your prison sentence, * * * you will be on post-release control under the authority of the parole authority for a period of five years." (Mar. 28, 2013 Tr. at 8). In its sentencing entry, the trial court informed Jacobs "that upon release from prison [he] *may* be subject to five years of post release control." (Emphasis added.) (Doc. No. 45).

{¶3} At the completion of his prison sentence, Jacobs was released on November 24, 2016 to the supervision of the Adult Parole Authority ("APA"). (Doc. No. 67). On August 3, 2017, Jacobs violated the terms of his postrelease control and was sentenced to six months in prison. (Appellant's Brief at 1). On November 9, 2017, Jacobs filed a motion to vacate the postrelease-control portion of his sentence and his postrelease-control violation. (Doc. No. 67). The State filed a memorandum in opposition to Jacobs's motion on December 11, 2017. (Doc. No.

69). On December 22, 2017, Jacobs filed his reply to the State's memorandum in opposition to his motion. (Doc. No. 70).

{¶4} On January 9, 2018, the trial court denied Jacobs's motion and issued a nunc pro tunc judgment entry of sentence correcting the incorrect language of the April 1, 2013 judgment entry of sentence stating that Jacobs "may" be subject to a period of five years of postrelease control to Jacobs "shall" be subject to a period of five years of postrelease control. (Doc. Nos. 71, 73).

{¶5} On February 7, 2018, Jacobs filed a notice of appeal. (Doc. No. 74). He raises two assignments of error for our review.

**Assignment of Error No. I**

**The trial court committed reversible error when it denied Mr. Jacobs' Motion to Vacate the Postrelease Control Portion of his sentence. (January 9, 2018 Judgment Entry).**

**Assignment of Error No. II**

**The uncorrected post release control sanction in the trial court's April 1, 2013 sentencing entry renders any sanction for violating postrelease control void. (April 1, 2013 Judgment Entry).**

{¶6} In his assignments of error, Jacobs contends that the trial court erred by denying his motion to vacate the postrelease-control portion of his sentence and his postrelease-control violation because the trial court did not properly impose postrelease control in its April 1, 2013 judgment entry of sentence. In particular,

Jacobs argues that the portion of the sentencing entry imposing postrelease control is void because it mistakenly states that postrelease control is discretionary.

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} Ordinarily, a challenge to a sentencing entry must be raised in a direct appeal; otherwise, those claims will be barred by the doctrine of res judicata. *See, e.g.*, *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal." *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 7 (10th Dist.). However, the doctrine of res judicata does "not apply to void sentences because, by definition, a void sentence

means that no final judgment of conviction has been announced." *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, ¶ 8.

{¶9} "It is settled that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.'" *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23. "[T]he trial court is 'required to incorporate that notice into its journal entry imposing sentence.'" *Id*., quoting *Jordan* at ¶ 17.

{¶10} The trial court "at a sentencing hearing must notify the offender that he or she 'will' or 'may' 'be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for' a felony." *Id.* at ¶ 9, quoting R.C. 2929.19(B)(2)(c) and (d). "The offender 'will' be supervised if the offender has been convicted of a felony subject to mandatory postrelease control." *Id.*, citing R.C. 2929.19(B)(2)(c) and 2967.28(B). "The offender 'may' be supervised if the offender has been convicted of a less serious felony for which the APA has discretion to impose postrelease control." *Id.*, citing R.C. 2929.19(B)(2)(d) and 2967.28(C). "The postrelease-control law also designates the term of supervision for each degree of felony." *Id.*, citing R.C. 2967.28(B) and (C). "Additionally, at the sentencing hearing, the court must notify the offender that if he or she 'violates that supervision * * *, the parole board may impose a prison

term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.'" *Id.*, quoting R.C. 2929.19(B)(2)(e).

{¶11} "[A] trial court imposing postrelease control 'is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry.'" *Id.* at ¶ 11, quoting *Jordan* at ¶ 22. Statutorily compliant notification includes: (1) notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control; (2) whether postrelease control is discretionary or mandatory; and (3) the term of supervision. *Id.*, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18, *Jordan* at ¶ 22-23, and *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 12. To validly impose postrelease control, the notice provided at the sentencing hearing must be incorporated into the sentencing entry; however, the trial court is not required to "repeat those notifications verbatim in the entry." *Id.*, citing *Jordan* at ¶ 17; *Id.* at ¶ 13. "[A] minimally compliant entry must provide the APA the information it needs to execute the postrelease-control portion of the sentence." *Id.* at ¶ 13.

{¶12} When assessing whether postrelease control is validly imposed, the "'main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry.'" *Id.* at ¶ 14, quoting *Qualls* at ¶ 19. "[T]he 'preeminent purpose' of R.C. 2967.28 [is] that

'offenders subject to postrelease control know *at sentencing* that their liberty could be restrained after serving their initial sentences.'" (Emphasis sic.) *Id.*, quoting *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 52.

{¶13} "A sentence that does not include the statutorily mandated term of postrelease control is void, it is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack."[1] *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus.

{¶14} Jacobs does not dispute that the trial court properly informed him at the sentencing hearing that he was subject to a mandatory period of postrelease control. (*See* Appellant's Brief at 1); (Mar. 28, 2013 Tr. at 8). Rather, he contends that the trial court's mistaken use of discretionary language in the sentencing entry rendered the trial court's imposition of postrelease control void. However, the mistaken use of "discretionary" language in a sentencing entry following the prior imposition of mandatory postrelease control at the sentencing hearing does not render a defendant's postrelease-control notification void. *See Grimes* at ¶ 14; *Watkins* at ¶ 51, 53. That is, based on the specific facts and circumstances of this case, the mistaken use of discretionary language in the sentencing entry is a "non-jurisdictional" defect "and concern[s], at most, a voidable error that should be raised

---

[1] This writer fully concurs with Justice DeWine's concurring opinion in *State v. Grimes*. 151 Ohio St. 3d 19, 2017-Ohio-2927, ¶ 28 (DeWine, J., concurring).

on direct appeal." *Surella v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 11AP-499, 2011-Ohio-6833, ¶ 23.

**{¶15}** Indeed, a reasonable person in Jacobs's position had sufficient notice that the trial court authorized postrelease control to be imposed following the expiration of his sentence. *See Watkins* at ¶ 46, 51 (concluding that "the sentencing entries are sufficient to afford notice to a reasonable person that the courts were authorizing postrelase control as part of each petitioner's sentence" even though those sentencing entries did not specify "the postrelease control as mandatory, the trial courts did at least notify the petitioners at their sentencing hearings that they could be subject to postrelease control"). *See also Grimes* at ¶ 14. Thus, although the sentencing entry mistakenly includes wording suggesting that the imposition of postrelease control was discretionary, the sentencing entry contains sufficient language to authorize the APA to exercise postrelease control over Jacobs. *See State v. Freed*, 3d Dist. Putnam No. 12-06-10, 2006-Ohio-5639, ¶ 17, citing *Watkins* at ¶ 53. Therefore, we conclude that the portion of the sentencing entry imposing postrelease control is not void.

**{¶16}** Because Jacobs's sentence is not void, any challenge to the propriety of the sentencing court's imposition of postrelease control in the sentencing entry could have been raised in a direct appeal. *See Watkins* at ¶ 53. Jacobs did not

directly appeal his conviction and sentence. Accordingly, Jacobs's argument is barred by the doctrine of res judicata.

{¶17} Because he predicates his assignments of error on this court's concluding that his original sentence is void, Jacobs's assignments of error are overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

ZIMMERMAN and SHAW, J.J., concur.

/jlr