[Cite as *State v. Begley*, 2019-Ohio-5297.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  4-19-11

      v.

JOHNNY R. BEGLEY,                       O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 16-CR-12687

**Judgment Affirmed**

Date of Decision:  December 23, 2019

APPEARANCES:

    *Johnny R. Begley,* **Appellant**

    *Russell R. Herman* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Johnny R. Begley ("Begley"), appeals the June 24, 2019 judgment of the Defiance County Court of Common Pleas denying his "Motion to Vacate/Correct Void Judgments." For the reasons that follow, we affirm.

{¶2} On November 4, 2016, the Defiance County Grand Jury indicted Begley on three counts: Count One of involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony; Count Two of trafficking in heroin in violation of R.C. 2925.03(A)(2), (C)(6)(c), a fourth-degree felony; and Count Three of possession of heroin in violation of R.C. 2925.11(A), (C)(6)(b), a fourth-degree felony. (Doc. No. 1). Count Two included a forfeiture specification under R.C. 2941.1417(A). (*Id.*). On November 17, 2016, Begley appeared for arraignment and pleaded not guilty to the counts of the indictment. (*See* Doc. No. 12).

{¶3} A change of plea hearing was held on December 21, 2016. (Doc. No. 12). Under the terms of a negotiated plea agreement, Begley withdrew his previous pleas of not guilty and pleaded guilty to Counts One and Two as well as the forfeiture specification. (*Id.*). In exchange, the State agreed to move for dismissal of Count Three. (*Id.*). The trial court accepted Begley's guilty pleas and found him guilty. (*Id.*). The trial court also granted the State's motion to dismiss Count Three and dismissed the same. (*Id.*). The trial court then proceeded immediately to

sentencing. (*Id.*). The trial court sentenced Begley to 4 years in prison on Count One and 11 months in prison on Count Two and ordered that Begley's sentences be served consecutively for an aggregate term of 4 years and 11 months' imprisonment. (*Id.*). The trial court filed its judgment entry of conviction and sentence on January 11, 2017. (*Id.*). Begley did not appeal his conviction or sentence.

{¶4} On November 8, 2017, Begley filed a motion for judicial release. (Doc. No. 16). On January 5, 2018, the trial court granted Begley's motion for judicial release. (Doc. No. 18). The trial court suspended the balance of Begley's 4 year and 11 month prison sentence, reserved the right to reimpose Begley's prison sentence, and placed Begley on community control for a period of 4 years. (*Id.*).

{¶5} On August 15, 2018, the State filed a motion to revoke Begley's judicial release and reimpose his suspended prison sentence.[1] (Doc. No. 22). In its motion, the State alleged that Begley had violated the terms of his community control by providing a urine sample that tested positive for methamphetamine, cocaine, and opiates. (*Id.*). The State also alleged that Begley had failed to report to his supervising officer. (*Id.*).

{¶6} On September 26, 2018, the trial court held a hearing on the State's motion to revoke Begley's judicial release. (Doc. No. 26). At the hearing, Begley admitted that he violated the terms of his community control. (*Id.*). The trial court

---

[1] The State erroneously styled its motion as a "Motion to Revoke Community Control."

accepted Begley's admission, found the allegations made by the State in its motion to be true, and proceeded immediately to disposition. (*Id.*). The trial court revoked Begley's judicial release and reimposed his 4 year and 11 month prison sentence, with credit for 540 days served. (*Id.*). Begley did not appeal the revocation of his judicial release or the reimposition of his prison sentence.

{¶7} On March 22, 2019, Begley filed a "Motion to Vacate/Correct Void Judgements." (Doc. No. 29). In his motion, Begley alleged that the trial court failed to make the findings required by R.C. 2929.20(J) when it granted his motion for judicial release. (*Id.*). He argued that the trial court's judgment granting his motion for judicial release is consequently void and that his community control was therefore invalid. (*Id.*). Begley asked the trial court to vacate its judgment granting his motion for judicial release, vacate its judgment granting the State's motion to revoke his judicial release because he "could never have been on community control, as there was no statutory authority," and "reinstate[] * * * community control upon being granted judicial release properly." (*Id.*). On May 10, 2019, Begley filed an amendment to his "Motion to Vacate/Correct Void Judgements." (Doc. No. 33).

{¶8} On May 17, 2019, the State filed a memorandum in opposition to Begley's motion. (Doc. No. 34). On June 3, 2019, Begley filed a motion to strike the State's memorandum in opposition. (Doc. No. 39). In his motion to strike,

Begley argued that the State's memorandum should be stricken because it was not filed within 10 days after the filing of his "Motion to Vacate/Correct Void Judgements" as required by R.C. 2953.21(E). (*Id.*).

{¶9} On June 24, 2019, the trial court denied Begley's "Motion to Vacate/Correct Void Judgements" on grounds that his arguments were barred by the doctrine of res judicata. (Doc. No. 40). The trial court did not explicitly deny Begley's motion to strike. (*See id.*).

{¶10} On July 22, 2019, Begley filed a notice of appeal. (Doc. No. 42). He raises two assignments of error for our review.

**Assignment of Error No. I**

**Trial court erred in denying Defendant's Motion to Vacate/Correct Void Judgments.**

{¶11} In his first assignment of error, Begley argues that the trial court erred by denying his "Motion to Vacate/Correct Void Judgements." Specifically, Begley contends that the trial court erred by concluding that his arguments are barred by principles of res judicata because the judgments he seeks to vacate are void and res judicata does not bar a trial court from vacating void judgments.

{¶12} A judgment granting judicial release "is a modification of a sentence * * *." *State v. Sykes*, 8th Dist. Cuyahoga No. 106390, 2018-Ohio-4774, ¶ 16, citing *State v. Costlow*, 8th Dist. Cuyahoga No. 89501, 2008-Ohio-1097, ¶ 9. R.C. 2929.20(J) provides that

> [a] court shall not grant a judicial release * * * to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under [R.C. 2929.12], finds both of the following:
>
> (a)   That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
>
> (b)   That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.20(J)(1)(a)-(b).  Furthermore, "[a] court that grants a judicial release to an eligible offender under [R.C. 2929.20(J)(1)] shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing."  R.C. 2929.20(J)(2).

{¶13} Begley argues that the trial court's judgment granting his motion for judicial release and imposing a term of community control is void because the trial court failed to make the findings required by R.C. 2929.20(J) on the record. After reviewing the record, we agree with Begley that the trial court did not make the findings required by R.C. 2929.20(J) before granting his motion for judicial release, and we assume for the sake of Begley's argument that the trial court erred by failing to make these findings. Nevertheless, we reject Begley's argument that the trial court's oversight renders its judgment granting his motion for judicial release void.

{¶14} "Typically, 'sentencing errors are not jurisdictional and do not render a judgment void.'" *State v. Cupp*, 4th Dist. Adams No. 16CA1024, 2016-Ohio-8462, ¶ 14, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 7. "'[I]f the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal.'" *State ex rel. Rodriguez v. Barker*, __ Ohio St.3d __, 2019-Ohio-4155, ¶ 9, quoting *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 23. Furthermore, courts have held that a trial court's failure to make certain statutory findings before imposing a sentence does not render the sentence void. *See State v. Chapin*, 10th Dist. Franklin No. 14AP-1003, 2015-Ohio-3013, ¶ 9 (holding that the trial court's alleged failure to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences did not render the

defendant's sentence void). In this case, the trial court erred by failing to make the findings required by R.C. 2929.20(J) on the record. However, it is undisputed that the trial court had subject-matter jurisdiction and statutory authority to grant Begley's motion for judicial release and modify his sentence. Therefore, at most, the trial court's failure to make the required findings renders its judgment granting Begley's motion for judicial release and modifying his sentence merely voidable, rather than void. *See Fischer* at ¶ 6 ("'[A] voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.'"), quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 12.

{¶15} Because the trial court's judgment granting Begley's motion for judicial release and modifying his sentence is, at most, voidable, the doctrine of res judicata applies. *State v. Mack*, 10th Dist. Franklin No. 16AP-680, 2017-Ohio-7417, ¶ 15 ("Res judicata 'bars attacks on voidable judgments * * *.'"), quoting *State v. Mack*, 10th Dist. Franklin No. 13AP-884, 2014-Ohio-1648, ¶ 7; *State v. Hall*, 11th Dist. Ashtabula No. 2016-A-0069, 2017-Ohio-4376, ¶ 12. "'Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or *could have raised* at trial or on appeal.'" (Emphasis added.)

*State v. Jacobs*, 3d Dist. Logan No. 8-18-04, 2018-Ohio-3218, ¶ 8, quoting *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 7 (10th Dist.). Begley could have attempted to raise his argument in a direct appeal from the trial court's judgment granting his motion for judicial release or in an appeal from the trial court's judgment revoking his judicial release and reimposing his prison sentence. Because Begley did not appeal either of the trial court's judgments, his argument is now barred by the doctrine of res judicata. Therefore, we conclude that the trial court did not err by denying Begley's motion.

{¶16} Begley's first assignment of error is overruled.

**Assignment of Error No. II**

**Trial court erred in not ruling on Defendant's "Motion to Strike State's Motion to Deny" before issuing a ruling.**

{¶17} In his second assignment of error, Begley argues that the trial court erred by failing to rule on his motion to strike the State's memorandum in opposition to his "Motion to Vacate/Correct Void Judgements" before denying the motion. Begley also argues that the trial court should have granted his motion to strike because the State's memorandum in opposition to his "Motion to Vacate/Correct Void Judgements" was filed outside of R.C. 2953.21(E)'s 10-day response period.

{¶18} Begley's arguments are without merit. First, contrary to Begley's suggestion, we conclude that the trial court effectively denied his motion to strike. "[G]enerally, when a trial court fails to rule on a motion, an appellate court will

presume that the trial court overruled that motion." *State v. Henson*, 4th Dist. Highland No. 05CA13, 2006-Ohio-2861, ¶ 4, fn. 1, citing *State v. Rozell*, 4th Dist. Pickaway No. 95CA17, 1996 WL 344034 (June 20, 1996) and *State v. Kennedy*, 4th Dist. Athens No. 95CA1657, 1995 WL 580858 (Oct. 2, 1995). Here, although the trial court did not explicitly deny Begley's motion to strike, there is nothing in the record suggesting that it granted Begley's motion. In fact, the presumption that the trial court denied Begley's motion is bolstered by the fact that the trial court's judgment denying Begley's "Motion to Vacate/Correct Void Judgements" relied heavily on legal arguments and cases contained in the State's memorandum. Thus, we conclude that the trial court implicitly denied Begley's motion to strike.

{¶19} Moreover, we conclude that the trial court did not err by denying Begley's motion to strike. To the extent that Begley's "Motion to Vacate/Correct Void Judgements" can be regarded as a petition for postconviction relief, the State's memorandum in opposition was filed within R.C. 2953.21(E)'s time constraints. Although the State's memorandum in opposition was filed more than 50 days after Begley originally filed his "Motion to Vacate/Correct Void Judgements," the State's memorandum was filed only 7 days after Begley filed the amendment to his petition. (Doc. Nos. 29, 33, 34). Because the State's memorandum was filed in direct response to Begley's amended petition, the State filed its memorandum within the

-10-

10-day period provided for by R.C. 2953.21(E). Accordingly, the trial court did not err by denying Begley's motion to strike.

{¶20} Begley's second assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**